**ALLSTATE INSURANCE COMPANY, Plaintiff,**

v.

**Concepcion WYMAN and Angeles Coloma, Defendants.**

**Civ. No. 92–00212 HMF.**

United States District Court, D. Hawaii.

Nov. 20, 1992.

Lisa M. Ginoza, Richard B. Miller, McCorriston, Miho & Miller, Honolulu, Hawaii, for plaintiff.

Charles Brower, Brower & Brower, Edward K. Placek, Jr., Honolulu, Hawaii, for defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

FONG, District Judge.

### INTRODUCTION

On October 26, 1992, the court held a hearing on plaintiff Allstate Insurance Company's ("Allstate") motion for summary judgment in this action in which Allstate seeks a declaratory judgment that it does not owe either uninsured or underinsured motorist benefits to defendant Concepcion Wyman ("Concepcion").

On July 22, 1990, Concepcion was a passenger in an automobile being driven by her husband, Michael Wyman ("Michael"). The car was owned by Rosa Heavey ("Heavey"), who was also a passenger in the car. Michael lost control of the automobile, which flipped on its side, injuring Concepcion.

Heavey did not have any insurance coverage on her car. However, Michael was covered by an Allstate policy (the "Policy") issued to defendant Angeles Coloma ("Coloma") because Michael and Concepcion were related to and living with Coloma at the time of the accident (the Policy gave coverage to resident relatives of Coloma). Thus, Michael had bodily injury insurance coverage while operating the automobile.

Although Michael had bodily injury liability coverage, Concepcion could not pursue any recovery against Michael (and through Michael against Allstate) because of Hawaii's interspousal tort immunity. Haw. Rev.Stat. § 572–28 (1987). However, Concepcion made a negligent entrustment claim against Heavey. Based on this claim against Heavey, Concepcion has asserted a claim for uninsured or underinsured motorist benefits against Allstate because Heav-

ey did not have insurance on the automobile.

## DISCUSSION

Allstate issued the uninsured motorist provisions of the Policy pursuant to Hawaii state law which requires that a motor vehicle insurance policy include:

> liability coverage ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided however that the coverage required under this paragraph shall not be applicable where any named insured in the policy shall reject the coverage in writing; . . . .

Haw.Rev.Stat. § 431:10C–301(b)(3) (1988). An insurer must also offer underinsured motorist coverage. Haw.Rev.Stat. § 431:10C–301(b)(4). The statute defines an "uninsured motor vehicle" as a "motor vehicle for which there is no bodily injury liability insurance or self-insurance applicable at the time of the accident." *Id.* at § 431:10C–103(23).

The Allstate Policy under which Concepcion seeks to recover provides as follows:

> Uninsured Motorists Coverage (Coverage SS)
>
> [W]e will pay damages that an insured person is legally entitled to recover from the owner or operator of an uninsured auto because of bodily injury sustained by an insured person. The bodily injury must be caused by accident and arise out of the ownership, maintenance or use of an uninsured auto.

Policy, exhibit C to Allstate's Motion.

The Policy defines an "uninsured auto" as:

> 1. a motor vehicle which has no applicable bodily injury liability insurance or self-insurance in effect at the time of the accident.
> 2. a motor vehicle for which the insurer denies coverage, or the insurer becomes insolvent.

> 3. a hit-and-run motor vehicle. . . .

*Id.*

The court must decide whether under Hawaii law a vehicle is "uninsured" when the operator has insurance that does not cover an injured passenger, and the vehicle's owner has no insurance. There is no Hawaii authority on the issue, and decisions of other jurisdictions are split with a majority holding that the plaintiff cannot collect uninsured motorist benefits when one tortfeasor has insurance, but the other does not. *State Farm Mut. Auto. Ins. Co. v. Purcell,* 13 Kan.App.2d 630, 778 P.2d 370, 373–74 (1989); 24 A.L.R.4th 63.

The Hawaii courts have been expansive in their interpretation of the uninsured motorist statute. The Hawaii Supreme Court held that the statute was remedial, and must be interpreted liberally in favor of an insured because an insured seeks to assure herself of some minimum level of financial protection by purchasing uninsured motorist protection. *Palisbo v. Hawaiian Ins. Guar. Co. Ltd.,* 57 Haw. 10, 15, 547 P.2d 1350 (1976). Accordingly, the *Palisbo* court declined to read the statute literally, and held that a tortfeasor was "uninsured" within the meaning of the statute when he had an insurance policy, but it had been exhausted by other injured claimants. *Id.* at 15–16, 547 P.2d 1350. The willingness of the *Palisbo* court to find that an insured motorist was "uninsured" weighs heavily in Concepcion's favor in this case.

The principal authority that Allstate relies upon is *State Farm Mut. Automobile Ins. Co. v. Royston,* 72 Haw. 338, 817 P.2d 118 (1991). The facts of *Royston* are similar to the case before the court. Royston, a federal police officer, was injured when his automobile seat in a government car malfunctioned while he was adjusting it. Because Royston received workers' compensation benefits for the accident, the Federal Employee's Compensation Act ("FECA") prevented him from pursuing a tort action against the government. 5 U.S.C. § 1186(c). Thus, Royston made a claim against his uninsured motorist coverage. *Id.* at 340, 817 P.2d 118.

While the facts of *Royston* are similar, the legal question differed from the present case in that the *Royston* court assumed that the vehicle was "uninsured" because the parties so stipulated. *Royston* focussed instead on the statutory and policy requirement that an insured be "legally entitled" to recover damages. *Id.* at 340–41, 817 P.2d 118, *citing* Haw.Rev.Stat. § 431–448(a) (current version at § 431:10C–301(b)(3)). Because Royston's receipt of workers' compensation benefits barred a recovery of damages in a tort suit, the *Royston* court held that he was not "legally entitled" to damages from an uninsured motorist, and thus his uninsured motorist provision did not provide coverage. In reaching this conclusion, *Royston* noted that the Hawaii Legislature did not intend to allow an insured to collect both workers' compensation benefits and uninsured motorist benefits. *Id.* at 346, 817 P.2d 118.

*Royston* differs from Concepcion's claim in the following particulars: (1) *Royston* considered the meaning of "legally entitled" rather than the meaning of "uninsured;" (2) *Royston* involved workers' compensation instead of spousal immunity; and (3) the *Royston* plaintiff sought a double recovery of both workers' compensation and uninsured motorist benefits.

Each of these differences is significant. First, in the context of a motion for summary judgment, the court must assume that Concepcion's negligent entrustment claim against Heavey will prevail, and that therefore, under *Royston*, Concepcion is "legally entitled" to collect damages from Heavey. The fact that Concepcion cannot make a claim against Michael does not affect her ability to make one against Heavey.

Second, the court believes that a distinction can and should be drawn between workers' compensation statutes and Hawaii's interspousal tort immunity. Workers' compensation statutes provide exclusive remedies in order to reduce expensive tort litigation. Thus, the *Royston* decision reinforced the legislative choice to substitute workers' compensation benefits for tort remedies. In contrast, interspousal tort immunity is a vestige of the common law idea that a husband and wife were one legal entity. It has been preserved in Hawaii state law only by judicial deference to legislative inaction—deference given despite the Hawaii Supreme Court's recognition that the rule has received "unanimous or near-unanimous" criticism from legal writers. *Peters v. Peters*, 63 Haw. 653, 659–60, 634 P.2d 586 (1981). Therefore, although interspousal immunity is a part of Hawaii law, there is no reason to give it an expansive construction in the case before the court.

The third and final distinction to be drawn between *Royston* and the present case is that Concepcion is not seeking to stack uninsured motorist benefits upon an earlier recovery. The *Royston* court was concerned that letting Royston recover uninsured motorist benefits would give him a windfall double recovery. *Royston*, 72 Haw. at 346, 817 P.2d 118 ("We see no need to 'torture the meaning' of the uninsured motorist statute to provide a remedy to Royston when he has already been provided with one."); see also *Kang v. State Farm Mut. Auto. Ins. Co.*, 72 Haw 251, 815 P.2d 1020 (1991) (prohibiting stacking of bodily injury and uninsured motorist benefits).

In summary, the court finds *Royston* distinguishable and therefore follows *Palisbo* in giving the uninsured motorist statute a "liberal" interpretation to protect insured.

The language of both the statute and the Policy support Concepcion's claim for uninsured motorist benefits. Both refer to claims against either the owner *or* the operator of the vehicle. Moreover, both the statute and the Policy define an "uninsured vehicle" as one has no "applicable" insurance. Interpreting this language liberally in favor of the insured, the court finds that the Heavey vehicle was "uninsured" because there was no insurance applicable to Concepcion.[1]

---

**1.** Because the court finds that Concepcion may receive uninsured motorist benefits, it need not consider her claim for underinsured motorist benefits.

Accordingly, the court DENIES Allstate's motion for summary judgment.

IT IS SO ORDERED.