Billie **PETERSON**, Plaintiff
and Appellant,

v.

**UTAH FARM BUREAU INSURANCE
COMPANY**, Defendant and
Appellee.

No. 960025–CA.

Court of Appeals of Utah.

Oct. 31, 1996.

James R. Hasenyager, Ogden, for Appellant.

Stephen G. Morgan and Mitchel T. Rice, Morgan & Hansen, Salt Lake City, for Appellee.

Before DAVIS, Associate P.J., and BENCH and JACKSON, JJ.

DAVIS, Associate Presiding Judge:

Billie Peterson appeals a trial court order granting Utah Farm Bureau Insurance Company's (Farm Bureau) summary judgment motion. We affirm.

## FACTS

On September 6, 1993, Peterson was riding in a truck owned and operated by coemployee, Jon Clifford. The two men were traveling west on Interstate 80 in Tooele County en route to a job site in Nevada. Both men were employed by R & O Construction Company of Ogden, Utah and were being compensated for travel time during their trip.

The accident giving rise to Peterson's claim occurred when Clifford fell asleep at the wheel and his truck left the roadway and rolled before coming to a stop. Clifford was killed, while Peterson sustained severe injuries. Thereafter, Peterson applied for and received workers' compensation benefits, partially compensating him for injuries and damages stemming from the accident.

At the time of the accident, Peterson was insured by Farm Bureau under an automobile insurance policy. Included in the policy is an under-insured motorist (UIM) provision which provides: "We will pay damages for bodily injury an insured is *legally entitled to recover* from the owner or operator of an under-insured motor vehicle. The bodily injury must be caused by an accident and arise out of the ownership, maintenance or use of an under-insured motor vehicle." (Emphasis added; original emphasis omitted.) The policy conditions payment of UIM benefits as follows: "There is no coverage until the limits of liability of all bodily injury liability bonds and policies that apply have been used up by payments of judgments or settlements." Finally, excluded from UIM coverage is coverage "to the extent it benefits . . . any workers' compensation or disability benefits insurance company[;] . . . [a] self-insurer under any workers' compensation, or disability benefits or similar law[; or] . . . any governmental body or agency." (Emphasis omitted.) Peterson's UIM coverage was limited to $25,000 per individual and $50,000 per accident.

Following the accident, and after he had received workers' compensation benefits, Peterson filed a claim with Farm Bureau seeking UIM benefits under his policy. Farm Bureau denied the request, alleging that because Peterson has already received workers' compensation benefits his claim is barred by the exclusive remedy provision of the Utah Workers' Compensation Act, Utah Code Ann. § 35–1–60 (Supp.1994).

After briefing and argument, the court below granted Farm Bureau's summary judgment motion, thereby dismissing Peterson's claim. Peterson appeals.

## ISSUES AND STANDARD OF REVIEW

Peterson, in effect, raises a single issue on appeal: Whether the trial court properly granted Farm Bureau's summary judgment motion finding that the exclusive remedy provision of the Utah Workers' Compensation Act precludes his entitlement to benefits pursuant to the UIM clause of his Farm Bureau automobile insurance policy. In addition to challenging Peterson's coloring of the aforementioned issue, Farm Bureau questions whether Peterson is precluded from recovering UIM benefits under his Farm Bureau policy where the UIM clause within that policy conditions coverage upon the exhaustion of any liability coverage on the under-insured vehicle, and where Peterson has failed to demonstrate that he has exhausted such coverage.

■ "Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *State Farm Fire & Cas. Co. v. Geary,* 869 P.2d 952, 954 (Utah App.1994) (citing Utah R.Civ.P. 56(c); *Higgins v. Salt Lake County,* 855 P.2d 231, 235 (Utah 1993)); *accord State Farm Mut. Auto. Ins. Co. v. Clyde,* 920 P.2d 1183, 1185 (Utah 1996). "As entitlement to summary judgment is a question of law, we need give no deference to the trial court's determination of the issues." *Geary,* 869 P.2d at 954.

## ANALYSIS

■ Initially, we address Peterson's assertion that the exclusive remedy provision of the Workers' Compensation Act does not preclude Farm Bureau's payment of UIM benefits. The Workers' Compensation Act provides, in pertinent part:

> The right to recover compensation *pursuant to the provisions of this title* for injuries sustained by an employee, whether resulting in death or not, *shall be the exclusive remedy against the employer and shall be the exclusive remedy against any . . . employee of the employer* and the liabilities of the employer imposed by this act shall be in place of any and all other civil liability whatsoever, at common law or otherwise . . . and no action at law may be maintained against an employer or against any . . . employee of the employer based upon any accident, injury, or death of an employee.

Utah Code Ann. § 35–1–60 (Supp.1994) (emphasis added). The Utah Supreme Court has definitively concluded:

> [T]he Act is the *exclusive* vehicle for recovery of compensation for injury or death, *against the employer and other employees* to the exclusion of "*any and all other civil liability whatsoever,* at common law or otherwise," and . . . it bars all *next of kin* or *dependents, or anyone else,* from using any other means of recovery against employers and others named in and covered by the Act, than the Act itself.

*Morrill v. J & M Constr. Co.,* 635 P.2d 88, 89 (Utah 1981) (quoting Utah Code Ann. § 35–1–60). Hence, by this section's plain language, an employee's right to recover against an employer or fellow employee, pursuant to the provisions of the Workers' Compensation Act, is limited to the exclusive remedy of workers' compensation.[1] *See* Utah Code Ann. § 35–1–60.

In granting Farm Bureau's summary judgment motion, the trial court concluded, as a matter of law, that the exclusive remedy provision of section 35–1–60 limits Peterson's recovery against Clifford, a coemployee, to the benefits paid him under the Workers' Compensation Act.

In challenging the trial court's legal determination, Peterson asserts that the specific facts of this case present an issue of first impression in Utah, and cites an Oklahoma decision supporting his claim. In *Torres v. Kansas City Fire & Marine Insurance Co.,* 849 P.2d 407 (Okla.1993), the Oklahoma Supreme Court reaffirmed its earlier decision in *Barfield v. Barfield,* 742 P.2d 1107 (Okla. 1987), that the phrase "legally entitled to recover" found in Oklahoma's insurance code, *see* 36 Okla.Stat. § 3636(B) (1981), as well as in both the *Torres* and *Barfield* insurance policies, meant that "the insured must be able to establish fault on the part of the uninsured motorist which gives rise to damages and prove the extent of those damages." *Torres,* 849 P.2d at 410. Accordingly, the *Torres* court permitted recovery under the subject policy in spite of the Oklahoma Workers' Compensation Act's exclusive remedy provision, 85 Okla.Stat. § 12 (1991), concluding that "[t]o allow recovery in such a situation is merely giving effect to the intention of the parties who contemplated a situation where an insured would not be able to recover for his injuries from the tortfeasor." *Torres,* 849 P.2d at 412; *see also Southern Farm Bureau Cas. Ins. Co. v. Pettie,* 54 Ark.App. 79, 924 S.W.2d 828, 832 (1996) (declaring, "we do not believe that the exclusive remedy provisions of the workers' compensation law bars the appellee from being 'legally entitled to recover' against the owner . . . of the vehicle in which . . . he received . . . [his] injuries").

---

1. For clarification, we note that Peterson does not seek to recover against R & O Construction Company, his employer at the time of the accident, beyond that to which he was entitled and has already received through workers' compensation. Nor does Peterson seek to recover against Clifford or Clifford's insurance company for bodily injury coverage, both clearly precluded by the exclusive remedy language of the Workers'

Compensation Act. Finally, Peterson's action, sounding in contract, is not brought pursuant to the provisions of the Workers' Compensation Act. *See* Utah Code Ann. § 35–1–60 (Supp.1994). Rather, Peterson seeks recovery of UIM benefits under a policy issued by *his own* insurance company, a situation not specifically addressed by the Workers' Compensation Act.

Despite the logic employed by the *Torres* court, decided under facts not dissimilar to those here at issue, Utah law does not support Peterson's position. Although an interpretation of the phrase "legally entitled to recover," as it appears in the UIM clause of Farm Bureau's insurance contract, as well as in the UIM provisions of Utah's Insurance Code,[2] presents an issue of first impression in Utah, the Utah Supreme Court has previously addressed the meaning of "legally entitled to recover" in the context of uninsured motorist (UM) clauses.

■ In *Lima v. Chambers*, 657 P.2d 279 (Utah 1982), the Utah Supreme Court examined Utah Code Ann. § 41–12–21.1 (1953) (repealed 1985),[3] which required automobile liability insurance policies to provide coverage " 'for the protection of persons insured thereunder who are *legally entitled to recover damages* from owners or operators of uninsured motor vehicles.' " *Lima*, 657 P.2d at 281 (quoting Utah Code Ann. § 41–12–21.1 (1953) (repealed 1985)). The court explained:

[I]f an insured is injured by an uninsured motorist, the insured may recover damages from his own insurance company upon showing that he is "legally entitled" to recover those damages from the uninsured tortfeasor. This showing of legal entitlement typically entails a lawsuit against the uninsured tortfeasor to litigate the issues of liability and damages. A judgment favorable to the insured fixes the insurer's contractual duty to satisfy that judgment, within the policy limits.

*Id.* Similarly, in *Lyon v. Hartford Accident & Indemnity Co.*, 25 Utah 2d 311, 480 P.2d 739 (1971), *overruled on other grounds by Beck v. Farmers Insurance Exchange*, 701 P.2d 795, 798 n. 1 (Utah 1985), the court interpreted the following language in an automobile insurance policy: " 'The company will pay all sums which the insured shall be *legally entitled to recover as damages* from the owner or operator of an uninsured motor vehicle.' " *Id.*, 480 P.2d at 745. The court concluded that the insurance company's "obligation to perform, under the express terms of its contract with the insured, did not arise until there was a legal determination of the liability of the uninsured motorist and the extent of damages sustained." *Id.* Thus, for an insured to satisfy the "legally entitled to recover" criterion, Utah law requires a viable claim that is able to be reduced to judgment in a court of law.

A recent Hawaii Supreme Court case, adopting the position taken in *Lima, Lyon,* and by an overwhelming majority of states, notes that "[w]ith one exception,[4] every court

---

**2.** The relevant portions of Utah's Insurance Code provide,

(1) Every policy of insurance or combination of policies purchased to satisfy the owner's or operator's security requirement of Section 41–12a–301 shall include:

. . . .

(c) underinsured motorist coverage under Section 31A–22–305, unless affirmatively waived under Subsection 31A–22–305(8)(c).

Utah Code Ann. § 31A–22–302(1)(c) (1994).

Underinsured motorist coverage under Subsection 31A–22–302(1)(c) provides coverage for covered persons who are *legally entitled to recover* damages from owners or operators of underinsured motor vehicles because of bodily injury, sickness, disease, or death in limits of at least $10,000 for one person in any one accident, and at least $20,000 for two or more persons in any one accident.

*Id.* § 31A–22–305(9)(a) (1994) (emphasis added). And finally,

For new policies or contracts written after January 1, 1993, a named insured may reject underinsured motorist coverage by an express writing to the insurer that provides liability coverage under Subsection 31A–22–302(1)(a).

This rejection continues for that issuer of the liability coverage until the insured in writing requests underinsured motorist coverage from that liability insurer.

*Id.* § 31A–22–305(9)(c)(i) (1994).

**3.** Section 41–12–21.1 was repealed in 1985, *see* Act of July 1, 1986, ch. 242, § 58, 1985 Utah Laws 895. For the present comparable provision, *see* Utah Code Ann. § 31A–22–302(1)(b) (1994). Section 31A–22–302(1)(b) excepts the insurance carrier's duty, an absolute duty under former section 41–12–21.1, to include UM coverage in all automobile liability insurance policies upon the insured's affirmative waiver thereof.

**4.** The one exception referred to was the position taken by the Oklahoma Supreme Court. Note that since the time the Hawaii court made this pronouncement, a handful of courts have adopted an approach similar to that taken by the Oklahoma court. *See Reliance Ins. Co. v. American Cas. Ins. Co.*, 238 Conn. 285, 679 A.2d 925 (1996); *Southern Farm Bureau Cas. Ins. Co. v. Pettie*, 54 Ark.App. 79, 924 S.W.2d 828, 834 (1996).

that has decided the precise issue now before this court has concluded that uninsured motorist coverage is not available to a claimant whose tort action is barred by the 'exclusive remedy' provision of a workers' compensation statute."[5] *State Farm Mut. Auto. Ins. Co. v. Royston*, 72 Haw. 338, 817 P.2d 118, 120 (1991) (original footnotes omitted); *see also Wisman v. Rhodes & Shamblin Stone, Inc.*, 191 W.Va. 542, 447 S.E.2d 5, 8–9 (1994) (holding "employee who receives workers' compensation benefits for an injury that occurs within the course and scope of employment is not entitled to assert a claim for uninsured or underinsured motorist benefits"); *see generally Allstate Ins. Co. v. Boynton*, 486 So.2d 552 (Fla.1986) (same, UM benefits); *Williams v. Thomas*, 187 Ga. App. 527, 370 S.E.2d 773 (same, UM benefits), *cert. denied*, 187 Ga.App. 527, 370 S.E.2d 773 (1988); *Kough v. New Jersey Auto. Full Ins. Underwriting Ass'n*, 237 N.J.Super. 460, 568 A.2d 127 (App.Div.) (same, UM benefits), *cert. denied*, 121 N.J. 638, 583 A.2d 331 (1990); *Stuhlmiller v. Nodak Mut. Ins. Co.*, 475 N.W.2d 136 (N.D. 1991) (same, UIM benefits); *State Farm Mut. Auto. Ins. Co. v. Webb*, 54 Ohio St.3d 61, 562 N.E.2d 132 (1990) (same, UM benefits); *Cope v. West Am. Ins. Co.*, 95 Or.App. 114, 768 P.2d 410 (1989) (same, UIM benefits), *aff'd*, 309 Or. 232, 785 P.2d 1050 (1990); *Aetna Cas. & Surety Co. v. Dodson*, 235 Va. 346, 367 S.E.2d 505 (1988) (same, UM benefits); *Sayan v. United Serv. Auto. Ass'n*, 43 Wash.App. 148, 716 P.2d 895 (1986) (same, UM benefits). After analyzing several cases consistent with the majority view, the Hawaii court held that the "clear and unambiguous language 'legally entitled to recover' " ap-

pearing in its UM statute precluded the insured's recovery under the UM clause of his auto policy. *Royston*, 817 P.2d at 122; *see also Perkins v. Insurance Co. of N. Am.*, 799 F.2d 955, 962 (5th Cir.1986) (regarding "legally entitled to recover" language "simply too unambiguous to admit of judicially created exception"). Nonetheless, the Hawaii court conceded that the insured's

> recovery of workers' compensation benefits will not fully compensate him for the injuries received as a result of the accident. However, under the circumstances of this case, we simply see no intent on the part of the legislature to allow recovery of benefits under both the workers' compensation and uninsured motorist statutes. Under the current state of the law, such recovery is precluded and can only be afforded by legislative action amending the [insurance code].

*Royston*, 817 P.2d at 123. We agree with the Hawaii court's observation that the state legislature is the most appropriate forum in which to address this issue arising from the "legally entitled to recover" language used by both UIM and UM statutes and parroted in automobile insurance policy clauses.[6]

Accordingly, we hold that Farm Bureau's "obligation to perform, under the express terms of its contract with ... [Peterson, does] not arise until there ... [is] a legal determination of the liability of the [under-]insured motorist and the extent of the damages sustained," *Lyon*, 480 P.2d at 745, and that a judgment favorable to Peterson is necessary to fix Farm Bureau's contractual duty to satisfy that judgment. The Workers'

**5.** The challenged insurance clause in *Royston* provided, " 'We will pay damages for bodily injury an insured is *legally entitled to collect from the owner* or driver *of an uninsured motor vehicle.*' " *State Farm Mut. Auto. Ins. Co. v. Royston*, 72 Haw. 338, 817 P.2d 118, 119 (1991). The Hawaii court noted that its state insurance code's UM statute, Haw.Rev.Stat. § 431–448(a) (1985), which was consistent with the language adopted by State Farm's UM clause, also utilized the "legally entitled to recover" language. *Royston*, 817 P.2d at 119.

**6.** Recently, in *State Farm Mutual Automobile Insurance Co. v. Clyde*, 920 P.2d 1183 (Utah 1996), in concluding the maternal grandparents of an

unborn child were not "legally entitled" to assert a claim under Utah's wrongful death statute, Utah Code Ann. § 78–11–6 (Supp.1994), and thus were precluded from recovering under an UIM clause in an automobile insurance policy, the Utah Supreme Court stated: " 'The fact that the result in some circumstances may be to unreasonably restrict the class of persons who can bring a wrongful death action is an argument for amendment of the statute, not for our ignoring its words.' " *Clyde*, 920 P.2d at 1187 (quoting *Kelson v. Salt Lake County*, 784 P.2d 1152, 1157 (Utah 1989)). Similarly, it is not for us to ignore precedent because of perceived unfairness of the result.

Compensation Act prevents Peterson from satisfying this requirement.

Peterson asserts, however, that the language of Utah Code Ann. § 31A–22–305(9)(b) (1994) demonstrates the Utah Legislature's "intent that [UIM benefits] actually be paid." The specific language Peterson relies on states that UIM "coverage ... *shall be added to, combined with, or stacked upon* the liability coverage of the owner or operator of the underinsured motor vehicle to determine the limit of coverage available to the injured person." *Id.* (emphasis added). However, the supreme court's interpretation of the language "legally entitled to recover" in effect preempts the language of section 31A–22–305(9)(b) because, under that interpretation, there is no way to determine even the amount to be "added," "combined," or "stacked upon." [7]

Because of our holding today, we do not reach Farm Bureau's alternate challenge that Peterson failed to show that he has exhausted the limits of liability of any bodily injury policies Clifford may have had on his vehicle at the time of the accident.

## CONCLUSION

We affirm the trial court's grant of Farm Bureau's summary judgment motion because the exclusive remedy provision of the Utah Workers' Compensation Act forecloses Peterson's ability to establish amounts he is legally entitled to recover, if any, thereby relieving Farm Bureau of any obligation to provide UIM coverage under Peterson's Farm Bureau automobile insurance policy.

BENCH and JACKSON, JJ., concur.

---

7. Although *Lima* and *Lyon* interpreted "legally entitled to recover" language in both a statute and an insurance policy relating to UM coverage, there is no basis for a different interpretation in the UIM context. The plain language of Peterson's Farm Bureau policy limits UIM coverage to "damages for bodily injury an insured is *legally entitled to recover* from the owner or operator of an under-insured motor vehicle," and in light of the *Lima* and *Lyon* courts' determinations of the process required before an insured is "legally entitled to recover," Peterson's challenge necessarily fails.