Darin OTTERBERG, Appellant,

v.

**FARM BUREAU MUTUAL INSURANCE COMPANY,** Appellee.

No. 04–0251.

Supreme Court of Iowa.

May 6, 2005.

Christopher D. Spaulding of Berg, Rouse, Spaulding & Schmidt, P.L.C., Des Moines, for appellant.

Edward G. Parker of Morain & Pugh, P.L.C., West Des Moines, for appellee.

CADY, Justice.

In this appeal from a declaratory judgment entered by the district court, we must primarily decide if an insured can recover under an uninsured motorist provision of an automobile insurance policy based on injuries covered by workers'

compensation sustained while he was a passenger in a motor vehicle owned by his employer and operated by a co-employee. We also consider the impact of the preservation-of-error doctrine on the failure of a nonmoving party to a motion for summary judgment to file a resistance to the motion. Upon our review, we affirm the judgment of the district court.

## I. Background Facts and Proceedings

Darin Otterberg was employed by Jefferson County Ambulance as a paramedic. On December 21, 2000, he was a passenger in an ambulance driven by his coworker, Eric Beard. They were transporting a patient to the hospital. Beard lost control of the ambulance, resulting in a single-vehicle accident. The accident caused back and neck injuries to Otterberg. Otterberg subsequently received workers' compensation benefits from the workers' compensation insurance carrier for Jefferson County Ambulance.

Otterberg also owned an automobile insurance policy with Farm Bureau Mutual Insurance Company. The policy included uninsured motorist (UM) coverage. The relevant part of the UM provision provided:

> We will pay damages for *bodily injury* an *insured* is legally entitled to re-

cover from the owner or operator of an *un-insured motor vehicle*. The *bodily injury* must be caused by an accident and arise out of the ownership, maintenance or use of an *un-insured motor vehicle*.[1]

Otterberg made a claim against Farm Bureau under the UM provision. Although the ambulance was covered under a liability insurance policy maintained by Jefferson County Ambulance, Otterberg claimed the ambulance was an uninsured vehicle under his Farm Bureau policy because the Jefferson County Ambulance policy did not extend coverage to him due to the applicability of the workers' compensation laws. Farm Bureau denied the claim. It asserted that, even assuming the ambulance was an uninsured vehicle, the UM provision did not provide coverage because Otterberg was not "legally entitled to recover" from the employer or the co-employee who was operating the ambulance.

Otterberg filed a petition for declaratory judgment against Farm Bureau. Farm Bureau counterclaimed, asking the court to declare that no coverage existed under its policy. Farm Bureau then moved for summary judgment. It claimed Otterberg was not "legally entitled to recover" damages from the owner or operator of the uninsured ambulance due the exclusivity provision of the workers' compensation statute.[2]

---

1. The "legally entitled to recover" language comes directly from our UM insurance statute:

   No automobile liability or motor vehicle liability insurance policy insuring against liability for bodily injury or death arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided in such policy or supplemental thereto, for the protection of persons insured under such policy who are *legally entitled to recover* damages from the owner or operator of an uninsured motor vehicle

or a hit-and-run motor vehicle or an underinsured motor vehicle because of bodily injury, sickness, or disease, including death resulting therefrom, caused by accident and arising out of the ownership, maintenance, or use of such uninsured or underinsured motor vehicle, or arising out of physical contact of such hit-and-run motor vehicle with the person insured or with a motor vehicle which the person insured is occupying at the time of the accident.

   Iowa Code § 516A.1 (2003) (emphasis added).

2. In pertinent part, section 85.20, the exclusivity provision of the workers' compensation statute, provides:

Otterberg failed to file a resistance prior to the summary judgment hearing. The district court accepted Farm Bureau's argument and granted the motion for summary judgment.

Otterberg appeals. First, he argues he is entitled to UM benefits under the doctrine of reasonable expectations. Second, he argues the "legally entitled to recover" language in his policy does not bar his claim for UM benefits.

## II. Standard of Review

■ We review a ruling on a motion for summary judgment for correction of errors at law. *In re Estate of Graham,* 690 N.W.2d 66, 69–70 (Iowa 2004) (citing *Barreca v. Nickolas,* 683 N.W.2d 111, 116 (Iowa 2004)). A motion for summary judgment should only be granted if, viewing the evidence in the light most favorable to the nonmoving party,

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Iowa R. Civ. P. 1.981(3); *see Wernimont v. Wernimont,* 686 N.W.2d 186, 189 (Iowa 2004) ("[W]e view the record in the light most favorable to the nonmoving party and allow that party all reasonable inferences

that can be drawn from the record." (citing *Delaney v. Int'l Union UAW Local No. 94,* 675 N.W.2d 832, 834 (Iowa 2004))).

■ In addition,

> [w]e review the interpretation of the language of an insurance policy for correction of errors at law.... Due to the nature of an insurance policy, the benefit of the doubt in the drafting is interpreted against the insurance company. As such, limits in "coverage are construed strictly against the insurer."

*Westfield Ins. Cos. v. Econ. Fire & Cas. Co.,* 623 N.W.2d 871, 875–76 (Iowa 2001) (citations omitted).

## III. Preservation of Error

■ Farm Bureau argues Otterberg failed to preserve error on the issues raised on appeal because he failed to file a written resistance to Farm Bureau's motion for summary judgment in district court. Although our rules of procedure allow a nonmoving party to resist summary judgment, the burden is still on the moving party "to show the district court that there was no genuine issue of material fact and that it was entitled to a judgment as a matter of law." *Bill Grunder's Sons Constr., Inc. v. Ganzer,* 686 N.W.2d 193, 197 (Iowa 2004) (citing Iowa R. Civ. P. 1.981(3)). Thus, a party faced with a motion for summary judgment can rely upon the district court to correctly apply the law

> The rights and remedies provided in this chapter, chapter 85A or chapter 85B for an employee ... on account of injury ... for which benefits under this chapter, chapter 85A or chapter 85B are recoverable, shall be the exclusive and only rights and remedies of the employee ... at common law or otherwise, on account of such injury ... against any of the following:
>
> 1. Against the employee's employer.
> 2. Against any other employee of such employer, provided that such injury, occupational disease, or occupational hearing loss arises out of and in the course of such

> employment and is not caused by the other employee's gross negligence amounting to such lack of care as to amount to wanton neglect for the safety of another.

Iowa Code § 85.20(1)-(2). Farm Bureau's argument is that under section 85.20(2), Otterberg is not "legally entitled to recover damages" from Mr. Beard, the uninsured motorist in this case. Thus, Farm Bureau claims, he does not qualify for UM benefits under the policy or section 516A.1. It is undisputed that Otterberg's injuries arose out of and in the course of employment. Otterberg did not allege that Beard was grossly negligent.

and deny summary judgment when the moving party fails to establish it is entitled to judgment as a matter of law. Yet, as we recently observed in *Bill Grunder's Sons Construction, Inc. v. Ganzer,*

> if the movant has failed to establish its claim and the court nevertheless enters judgment, the nonmovant must at least preserve error by filing a motion following the entry of judgment, allowing the district court to consider the claim of deficiency.

*Id.* at 197–98. This rule of error preservation is " '[b]ased upon considerations of fairness.' " *Id.* at 197 (quoting *Sorci v. Iowa Dist. Ct.,* 671 N.W.2d 482, 489 (Iowa 2003)). That is, "[i]t is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider." *Id.* (internal quotations omitted).

In this case, Otterberg filed a motion to reconsider with the district court after the summary judgment motion was granted. The motion raised both issues presented on appeal. However, before a hearing could be held on the motion, Otterberg filed a notice of appeal from the summary judgment ruling. The district court never held the hearing. Farm Bureau asserts that the notice of appeal divested the district court of its jurisdiction over the case and deprived the district court of any opportunity to consider the issues now raised on appeal. Consequently, by failing to give the district court the opportunity to consider the errors raised on appeal, Farm Bureau claims Otterberg has failed to preserve error under our rule in *Bill Grunder's Sons Construction, Inc.*

In addressing this preservation-of-error claim raised by Farm Bureau, we turn to the rationale for the rule articulated in *Bill Grunder's Sons Construction, Inc.* An important consideration of error preservation is for the district court to have an opportu-

nity to consider the issue raised on appeal. *Id.* 197–98. If the district court considered the issue raised on appeal by the nonmovant in ruling on an uncontested summary judgment motion, the rationale for requiring the nonmovant to file a post-judgment motion with the district court to preserve error on appeal is inapplicable. Thus, if a motion for summary judgment presented the issue to the district court and the district court ruled on it, the rule requiring the district court to first consider issues raised on appeal is satisfied.

In *Bill Grunder's Sons Construction, Inc.,* the issue raised on appeal by the nonresisting party to the summary judgment motion in district court was not an issue considered and ruled on by the district court in ruling on the motion for summary judgment. *Id.* at 194. In this case, the basis for the summary judgment motion by Farm Bureau was that the UM provision did not apply because Otterberg was not "legally entitled to recover damages." This was the issue presented and decided by the district court. Consequently, Otterberg may raise this issue on appeal without violating the preservation-of-error doctrine. However, Otterberg's claim that the UM provision of the policy also violates the reasonable-expectations doctrine was never considered by the district court. Consequently, error was not preserved on that issue.

## IV. "Legally Entitled to Recover"

We have never determined whether an insured is "legally entitled to recover" within the meaning of the UM provision of an insurance policy or our UM insurance statute when the injuries are covered under the workers' compensation system. Among the courts that have decided this issue, the great weight of authority holds that an insured is not entitled to UM benefits when the insured could not sue

the uninsured co-employee because of the workers' compensation exclusivity provision. *Compare Ex parte Carlton,* 867 So.2d 332, 338 (Ala.2003) (holding that when plaintiff's co-employee was immune from suit under workers' compensation exclusivity provision, plaintiff was not "legally entitled to recover" under UM policy), *and Allstate Ins. Co. v. Boynton,* 486 So.2d 552, 555 (Fla.1986) (same), *and State Farm Mut. Auto. Ins. Co. v. Royston,* 72 Haw. 338, 817 P.2d 118, 122 (1991) (same), *and Wachtler v. State Farm Mut. Auto. Ins. Co.,* 835 So.2d 23, 28 (Miss.2003) (same), *and Estate of Libby v. State Farm Mut. Auto. Ins. Co.,* 147 N.H. 616, 809 A.2d 768, 771 (2002) (same), *and State Farm Mut. Auto. Ins. Co. v. Webb,* 54 Ohio St.3d 61, 562 N.E.2d 132, 135 (1990) (same), *and* 6 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 110.05[10], at 110–28 (2004) (stating that if an employee is injured in a car accident by a co-employee in the course of employment, "the uninsured motorist carrier has no liability"), *and* 7A Am.Jur.2d *Automobile Insurance* § 312, at 35 (1997) ("The phrase 'legally entitled to recover' as used in an uninsured motorist statute generally does not encompass claims as to which the uninsured tortfeasor is immune from liability, as, for example, by reason of an exclusivity provision of a workers' compensation statute …."), *with Barfield v. Barfield,* 742 P.2d 1107, 1112 (Okla.1987) ("Protection under an uninsured motorist policy is a contractual right resting in the insured and thus may be coexistent with the protection under the Workers' Compensation Act. An uninsured motorist carrier does not stand in the tortfeasor's shoes and the conditions for recovery under an uninsured motorist policy can be satisfied even if the insured cannot prove all the elements of the tort against the insured." (Citations omitted.)).

We have previously observed that the phrase "legally entitled to recover" is given a liberal interpretation, not a literal one. *Waits v. United Fire & Cas. Co.,* 572 N.W.2d 565, 573 (Iowa 1997). This has resulted in several cases in which we have permitted an insured to recover UM benefits even though the insured was unable to recover from the negligent tortfeasor. In reviewing our prior cases, we have said:

> In *Wetherbee,* we rejected a literal interpretation of the policy in favor of an interpretation more consistent with the purpose of underinsured motorist coverage as envisioned by the legislature. In that case, we permitted the insured, the spouse of the deceased injured person, to pursue a claim against her UIM carrier even though she was not the one authorized by statute to pursue the wrongful death claim, and in that sense, was not literally "legally entitled to recover" damages from the underinsured motorist. We held it was sufficient that the insured "suffered damages caused by the fault of the underinsured motorist and [was] entitled to receive those damages."

> Similarly, in *Leuchtenmacher,* we held an insured could settle with the underinsured motorist without jeopardizing his or her recovery of UIM benefits. We concluded a judgment against the underinsured motorist was not required to establish that the insured was "legally entitled to recover" damages from the underinsured motorist.

*Id.* at 573–74 (citations omitted). Moreover, in *Waits,* we held that a release given by an insured to an underinsured driver in conjunction with a settlement did not mean the insured was not "legally entitled to recover" from the underinsured driver

within the meaning of the UM provisions of an insurance policy. *Id.* at 574.

These cases reflect our policy of broadly construing "legally entitled to recover" to accomplish the purpose of Iowa's UM statute: "'to provide compensation to an insured who is the victim of an [un]insured motorist to the same extent as if the [un]insured motorist were adequately insured.'" *Id.* at 573 (citing *Wetherbee*, 508 N.W.2d at 660; 8C John Alan Appleman & Jean Appleman, *Insurance Law and Practice* § 5071.45, at 102–03 (1981 & Supp. 1997)). However, these cases all differ from the circumstances of this case in one important respect. In our prior cases, our law provided for an underlying claim, but the claim could not be enforced by the insured under the particular circumstances. *See Waits*, 572 N.W.2d at 572 (noting insured released the tortfeasor from liability); *Wetherbee*, 508 N.W.2d at 658 (noting that insured could not have brought an action in her own name against the underinsured motorist because Iowa's wrongful death statute required that claims for post-death loss of spousal consortium be brought by the administrator of the decedent's estate).

In this case, our legislature has adopted the workers' compensation system. This system supplants the common law, and we no longer recognize a cause of action for negligence by an employee against the employer or co-employee. *Kesterson v. Wallut*, 157 S.W.3d 675, 686 (Mo.Ct.App.2004) (citations omitted). Thus, Otterberg never had any legal right to recover against the driver of the ambulance.

Other courts have interpreted the "legally entitled to recover" phrase to require not only that the insured "suffered damages caused by the fault of the uninsured motorist," *Wetherbee*, 508 N.W.2d at 661, but also that the insured's action against the uninsured motorist was not barred under substantive law. *See, e.g., Boynton*, 486 So.2d at 556; *Oates v. Safeco Ins. Co.*, 583 S.W.2d 713, 716 (Mo.1979). We find this approach persuasive. The phrase "legally entitled to recover" cannot be stretched so far as to cover situations when an insured could have never recovered from the uninsured motorist because the law did not provide for any recovery. *See Boynton*, 486 So.2d at 556–57; *see, e.g., Matarese v. N.H. Mun. Ass'n of Property–Liability Ins. Trust, Inc.*, 147 N.H. 396, 791 A.2d 175, 181 (2002) ("[T]he purpose of the uninsured motorist statute is to protect insureds from financially irresponsible motorists. That purpose is fulfilled by placing the insured in the same position as if the uninsured motorist had been insured, not a better position." (Citations omitted.)). Although we liberally interpret the phrase "legally entitled to recover," we will not interpret it so liberally as to contravene our fundamental principles of recovery.

We acknowledge the arguments articulated by those courts and legal scholars who conclude that the "legally entitled to recover" element of UM claims should not preclude UM benefits when tort immunity is the underlying ground that prevents the insured from legally recovering from the tortfeasor. *See generally* 1 Alan I. Widiss, *Uninsured and Underinsured Motorist Insurance* § 7.14, at 387–406 (rev.2d ed.1999). However, this position does not apply with equal force when the immunity exists because tort liability has been replaced by our legislature with an alternative compensation system such as workers' compensation. *See generally* John P. Ludington, *Automobile Uninsured Motorist Coverage: "Legally Entitled To Recover" Clause as Barring Claim Compensable Under Workers' Compensation Statute*, 82 A.L.R.4th 1096 (1990). Our workers' com-

pensation system bars employee tort actions for work-related injuries, and we find no intent expressed by our legislature that the benefits of UM coverage are broad enough to supplement compensation under our workers' compensation system. *See Glenn v. Farmland Foods, Inc.,* 344 N.W.2d 240, 242–43 (Iowa 1984) (discussing the exclusivity provision). Thus, we will not interfere with the clear statement by our legislature that UM coverage exists only when the insured is "legally entitled to recover" from the tortfeasor. *Boynton,* 486 So.2d at 559. Under the circumstances of this case, the "legally entitled to recover" element cannot be met because the workers' compensation statute is the exclusive remedy and precludes a tort claim against the employer and co-employee.

## V. Conclusion

We conclude Otterberg is not "legally entitled to recover" damages from the owner or operator of the ambulance in which he was injured (i.e., his employer or co-employee) within the meaning of his uninsured motorist insurance policy or Iowa Code section 516A.1. This is because the exclusivity provision of the workers' compensation statute provides a substantive bar to any legal claim against his employer and co-employee for injuries covered by workers' compensation. Thus, the district court properly entered summary judgment in favor of Farm Bureau. Otterberg is not entitled to uninsured motorist benefits under his policy.

**AFFIRMED.**