Patricia **HYNES** and James **Hynes**, Appellants,

v.

**CLAY COUNTY FAIR ASSOCIATION,** Appellee.

No. 02–1701.

Supreme Court of Iowa.

Dec. 17, 2003.

Kevin R. Sander and Joseph L. Fitzgibbons of Fitzgibbons Law Firm, Estherville, for appellants.

Scott A. Hindman of Bikakis, Arneson, Karpuk & Hindman, Sioux City, for appellee.

CARTER, Justice.

Plaintiff, Patricia Hynes, who was injured by a runaway horse while attending activities sponsored by the Clay County Fair Association, appeals from an adverse summary judgment in her action against the fair association. Patricia's husband, James, has joined in the action seeking damages for loss of consortium. Because his interests are coextensive with Patricia's, we will state the facts as if there were only a single plaintiff. After reviewing the record and considering the arguments presented, we conclude that a genuine issue of material fact exists concerning whether a spectator alert to inherent risks of domesticated animal activity would have expected the event that caused plaintiff's injuries. Consequently, we reverse the judgment of the district court.

The Clay County Fair Association is a corporation that manages and conducts an annual fair in Spencer, Iowa. Patricia went to the fair on the morning of September 18, 1999. With her were her two daughters and their children. Her daughters and grandchildren participated in certain rides at the fair while Patricia worked at a church concession stand on the fairgrounds. At approximately 3:30 p.m., Patricia ceased working at the concession stand and walked through the fairgrounds, headed toward an exit.

At this time, Patricia was walking south only a few feet from four cattle barns to her immediate right and a large swine barn south of the cattle barns. These barns were used for housing animals but not for showing them. To Patricia's left was an industrial building. She was walking among other fairgoers in a designated pedestrian walk area and was not involved with or conscious of any animal activities in her immediate area. Signs were hung in several places warning patrons as follows:

> EXERCISE CARE AND CAUTION NEAR LIVESTOCK. DO NOT TOUCH ANIMALS. YOU ARE RESPONSIBLE FOR YOUR OWN AND YOUR CHILDREN'S SAFETY!

Lynn Rae Robbins was present at the fair to participate in events involving driving a horse and buggy that she owned. She had participated in such an event and was returning her horse to the barn where it was assigned immediately prior to Patricia's accident. At this time, Robbins heard a loud popping sound, which spooked her horse. She lost control of the horse as it bolted east. She screamed for people to get out of the way. Patrons scattered, but Patricia did not avoid the galloping horse, which ran into her and three other persons.

Patricia filed the present action against the fair association. Originally, she also included Lynn Rae Robbins as a defendant in the action, but her claim against Robbins has been stayed by a federal bankruptcy court. She alleged the fair association was negligent in failing to protect patrons against out-of-control animals. Patricia's husband, James, asserted similar claims of negligence in seeking recovery for loss of consortium. The fair association filed a motion for summary judgment. The district court found that Iowa Code section 673.2 (1999) immunized the fair

association against the claims of Patricia and James. Based on that conclusion, it granted summary judgment in favor of the defendant.

## I. *Standard of Review.*

■ The district court's summary judgment ruling "is reviewed on appeal for correction of errors at law." *Bushby v. Washington County Conservation Bd.*, 654 N.W.2d 494, 496 (Iowa 2002). Summary judgment is proper only if there "is no disputed issue of material fact and a moving party is entitled to judgment as a matter of law." Iowa R. Civ. P. 1.981(3). A fact issue is generated if reasonable minds can differ on how the issue should be resolved. *Farm Bureau Mut. Ins. Co. v. Milne*, 424 N.W.2d 422, 423 (Iowa 1988). If the conflict in the record consists only of the legal consequences flowing from undisputed facts, entry of summary judgment is proper. *Id.* The court views the record "in the light most favorable to the nonmoving party." *Bushby*, 654 N.W.2d at 496.

## II. *The Basis for the District Court's Ruling.*

The district court's ruling granting summary judgment was posited on the immunity created by the following statute:

> A person, including a domesticated animal professional, domesticated animal activity sponsor, the owner of the domesticated animal, or a person exhibiting the domesticated animal, is not liable for the damages, injury, or death suffered by a participant or spectator resulting from the inherent risks of a domesticated animal activity. This section shall not apply to the extent that the claim for damages, injury, or death is caused by any of the following:
>
> 1. An act committed intentionally, recklessly, or while under the influence of an alcoholic beverage or other drug or

a combination of such substances which causes damages, injury, or death.

2. The use of equipment or tack used in the domesticated animal activity which the defendant provided to a participant, if the defendant knew or reasonably should have known that the equipment or tack was faulty or defective.

3. The failure to notify a participant of a dangerous latent condition on real property in which the defendant holds an interest, which is known or should have been known. The notice may be made by posting a clearly visible warning sign on the property.

4. A domesticated animal activity which occurs in a place designated or intended by an animal activity sponsor as a place for persons who are not participants to be present.

5. A domesticated animal activity which causes damages, injury, or death to a spectator who is in a place where a reasonable person who is alert to inherent risks of domesticated animal activities would not expect a domesticated animal activity to occur.

Iowa Code § 673.2.

In granting immunity to the fair association under this legislation, the district court rejected Patricia's contentions that (1) she was not a spectator as defined in the statute, and (2) a person who was alert to the inherent risks of domesticated animal activities would not have expected the activity that caused injury to her, thus triggering the exception to immunity provided by subparagraph 5 of the statute.

### III. *Patricia's Arguments.*

Patricia urges that the district court erred in concluding that she was a specta-

tor for purposes of the immunity conferred by section 673.2 and also erred in concluding that a person alert to the inherent risks of domesticated animal activities would have expected the activity that caused Patricia's injury.

■ We agree with the district court that Patricia was a spectator as defined in the applicable statutory definition. That definition provides:

Spectator means a person who is in the vicinity of a domesticated animal activity, but who is not a participant.

Iowa Code 673.1(9). Patricia falls within this definition because a domesticated animal activity includes [r]iding or driving a domesticated animal (Iowa Code 673.1(3)(a)), and she was in the vicinity of that activity. She was not a participant as defined in Iowa Code section 673.1(8).[1] The district court did not err in concluding that Patricia was a spectator.

■ We agree with Patricia's alternative claim that a factual issue exists as to whether her claim is excluded from the immunity conferred under section 673.2 by reason of subparagraph 5 thereof, which specifies that

[t]his section shall not apply to the extent that the claim for damages, injury, or death is caused by any of the following:

. . . .

5. A domesticated animal activity which causes damages, injury, or death to a spectator who is in a place where a reasonable person who is alert to inherent risks of domesticated animal activities would not expect a domesticated animal activity to occur.

1. This definition states that a participant is "a person who engages in a domesticated animal activity."

In applying this statute, we are cognizant of the fact that the expectation to be determined is not that of the person injured but rather the expectation of a hypothetical "reasonable person who is alert to inherent risks of domesticated animal activities." We also note that the inherent risk of a domesticated animal activity includes:

> [A] danger or condition which is an integral part of a domesticated animal activity, including, but not limited to, the following:
>
> a. The propensity of a domesticated animal to behave in a manner that is reasonably foreseeable to result in damages to property, or injury or death to a person.
>
> b. Risks generally associated with an activity which may include injuries caused by bucking, biting, stumbling, rearing, trampling, scratching, pecking, falling, kicking, or butting.
>
> c. The unpredictable reaction by a domesticated animal to unfamiliar conditions, including, but not limited to, a sudden movement; loud noise; and unfamiliar environment; or the introduction of unfamiliar persons, animals, or objects.

Iowa Code § 673.1(7). These are very inclusive definitions, but in applying them, we are not convinced that a reasonable person alert to the defined risks would, as a matter of law, expect a runaway horse to be galloping down a pedestrian walkway perpendicular to another pedestrian walkway on which Patricia was walking with a group of people.[2] The issue presented is one of fact. The district court erred in granting summary judgment for the fair association.

We have considered all issues presented and conclude that the judgment of the district court must be reversed. The case is remanded to that court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

All justices concur except WIGGINS, J., who takes no part.

---

**2.** We note also that subparagraph 4 of section 673.2 excepts from the immunity granted an activity occurring in a place designated or intended by the sponsor as a place where persons who are not participants to be present. The walkways of the fairgrounds would appear to fall within this definition. We do not rely on this statutory provision, however, because it was not urged in the district court.