**BILL GRUNDER'S SONS CONSTRUCTION, INC.,**
Plaintiff,

v.

**William R. GANZER and Linda S. Ganzer, Husband and Wife, and Community Bank, Defendants.**

**Community Bank, Appellee,**

v.

**William R. Ganzer and Linda S. Ganzer, Husband and Wife, Defendants,**

**Bill Grunder's Sons Construction, Inc., Appellant.**

No. 03–1002.

Supreme Court of Iowa.

Sept. 1, 2004.

David L. Scieszinski, Wilton, for appellant.

Richard R. Phillips, Muscatine, for appellee.

CADY, Justice.

This appeal provides an excellent opportunity to reiterate the importance of preservation of error for appeal. The appellant, having filed no resistance with the district court to the appellee's motion for summary judgment, and having filed no motion after entry of summary judgment, now asks us to reverse the district court's decision based on grounds first raised in the appellant's brief to this court. We choose instead to adhere to well-established rules of procedure and notions of fairness and judicial economy. For the reasons that follow, we affirm the district court's grant of summary judgment.

## I. Background Facts and Proceedings.

This case stems from activities related to real estate owned by William R. and Linda S. Ganzer described as Lot 16 of Emerald Valley Subdivision in Fruitland,

Iowa. On May 22, 1996, the Ganzers executed a deed of trust on Lot 16 in favor of Community Bank of Muscatine as security for a $16,500 loan. The deed of trust was recorded on May 30, 1996.

On July 7, 2000, the Ganzers entered into a contract with Bill Grunder's Sons, Inc. (Grunder) to pour a foundation for a house on Lot 16. Grunder furnished labor and materials on the project valued at $8,423.50. The Ganzers, however, never made payment. On April 20, 2001, Grunder perfected a mechanic's lien on Lot 16. *See* Iowa Code § 572.2 (2003) ("Every person who shall furnish any material or labor for, or perform any labor upon, any building or land for improvement . . . shall have a lien upon such building or improvement, and land belonging to the owner on which the same is situated . . . to secure payment for the materials or labor furnished or labor performed.").

On May 17, 2002, Grunder filed a petition to foreclose on the mechanic's lien, naming the Ganzers and Community Bank as defendants. Because the Ganzers had also defaulted on their payments to the Bank, the Bank filed an answer and cross-petition also seeking to foreclose on Lot 16.

The Bank filed a motion for summary judgment on March 13, 2003, claiming that any interest Grunder had in Lot 16 was junior and inferior to the Bank's deed of trust. Grunder filed no resistance to the Bank's motion, and did not file a statement of material facts or memorandum of authorities. *See* Iowa R. Civ. P. 1.981(3) ("Any party resisting the motion shall file a resistance within 15 days, unless otherwise ordered by the court, from the time when a copy of the motion has been served. The resistance shall include a statement of disputed facts, if any, and a memorandum of authorities supporting the resistance."). Accordingly, on April 3, 2003, the district court granted the Bank's motion and entered a decree of foreclosure in the Bank's favor, declaring the deed of trust "to be superior and paramount to the interests, claims or liens of" Grunder.

On April 17, 2003, the Ganzers filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Iowa. This resulted in an automatic stay of proceedings against the Ganzers. *See* 11 U.S.C. § 362(a) (2000). The Bank subsequently filed a motion with the bankruptcy court for relief from the stay. The court granted the motion and lifted the stay.

Grunder appeals[1] the district court's grant of summary judgment. It claims the

---

**1.** On June 17, 2003—seventy-five days after the district court entered judgment in favor of the Bank—Grunder filed a Notice of Appeal. The Bank argues that the appeal is untimely because it was filed more than thirty days after the entry of judgment. *See* Iowa R.App. P. 6.5(1) (stating that appeals to the supreme court must generally be filed within thirty days of judgment). Grunder responds that it had an additional thirty days after it received notice of the lifting of the stay on June 2, 2003 to file its appeal and that its filing on June 17 was therefore timely. *See* 11 U.S.C. § 108(c)(2) (2000) (extending the time "for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against" a co-

debtor until "30 days after notice of the termination or expiration of the stay").

The Bank asserts the stay only applies to actions against the debtors (the Ganzers) and does not apply to toll Grunder's time to file notice of appeal of the judgment in the Bank's favor. *See C.H. Robinson Co. v. Paris & Sons, Inc.,* 180 F.Supp.2d 1002, 1009 (N.D.Iowa 2001) ("As a general proposition, this automatic stay provision of the Bankruptcy Code applies only to bar actions against the debtor and does not extend to solvent codefendants." (citations omitted)). We need not decide whether the stay effectively tolled Grunder's time to file a notice of appeal, because even assuming arguendo that the appeal was untimely, the record shows that Grunder failed

Bank's deed of trust on Lot 16 was defective and that the Bank was therefore not entitled to judgment as a matter of law.

## II. Standard of Review.

 We recently set forth the standard of review of a district court's entry of summary judgment:

> "In reviewing the grant of summary judgment . . . the question is whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. An issue of fact is 'material' only when the dispute is over facts that might affect the outcome of the suit, given the applicable governing law. The requirement of a 'genuine' issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. We examine the record in a light most favorable to the party opposing the motion for summary judgment to determine if movant met his or her burden."

*Rants v. Vilsack*, 684 N.W.2d 193, 199 (Iowa 2004) (quoting *Junkins v. Branstad*, 421 N.W.2d 130, 132–33 (Iowa 1988)); *accord Estate of Harris v. Papa John's Pizza*, 679 N.W.2d 673, 677 (Iowa 2004); *Hynes v. Clay County Fair Ass'n*, 672 N.W.2d 764, 766 (Iowa 2003).

## III. Preservation of Error.

 Grunder asserts that the deed of trust contained a defective future advances or "dragnet" clause.[2] A dragnet clause in a mortgage states that the "mortgage secures all the debts that the mortgagor may at any time owe to the mortgagee." *Blacks Law Dictionary* 1036 (8th ed. 2004). "Dragnet clauses are valid but not favored by the law. They are thus strictly construed against the mortgagee." *Decorah State Bank v. Zidlicky*, 426 N.W.2d 388, 390 (Iowa 1988) (citing *Farmers Trust Sav. Bank v. Manning*, 311 N.W.2d 285, 289 (Iowa 1981)). Nevertheless, "they have a proper and legitimate place in commerce" and "will be enforced to the extent it appears to have been within the intent of the parties." *Freese Leasing, Inc. v. Union Trust Sav. Bank*, 253 N.W.2d 921, 925 (Iowa 1977) (quoting *Brose v. Intl. Milling Co.*, 256 Iowa 875, 879, 129 N.W.2d 672, 675 (1964)).

 Grunder points to Iowa Code section 654.12A, claiming that it renders the deed of trust junior to its mechanics lien. Section 654.12A provides, in pertinent part:

> [I]f a prior recorded mortgage contains the notice prescribed by this section and identifies the maximum credit available to the borrower, then loans and advances made under the mortgage, up to the maximum amount of credit together with interest thereon, are senior to indebtedness to other creditors under subsequently recorded mortgages and other subsequently recorded or filed liens

---

to preserve error with the district court's entry of summary judgment.

2. The deed of trust contained a provision stating that its purpose was

 [t]o secure payment to the Bank, its successors or assigns, of all notes, obligations and liabilities of Borrower to the Bank, and on which note or notes, obligations and liabili-

ties Borrower, either jointly or severally, is a maker, endorser, surety or guarantor. The intention of Borrower hereby is to cover and secure payment to the Bank of any indebtedness now or hereafter owing by Borrower and also to secure payment of any extensions or renewals of any such indebtedness or any part thereof.

even though the holder of the prior recorded mortgage has actual notice of indebtedness under a subsequently recorded mortgage or other subsequently recorded or filed lien.... The notice prescribed by this section for the prior recorded mortgage is as follows:

> NOTICE: This mortgage secures credit in the amount of ... .... Loans and advances up to this amount, together with interest, are senior to indebtedness to other creditors under subsequently recorded or filed mortgages and liens.

Iowa Code § 654.12A (2003). Grunder argues that because the Bank's deed of trust contained a dragnet clause and did not contain the statutory notice, the Bank's security interest in Lot 16 cannot be senior to Grunder's mechanic's lien. However, even assuming this argument has merit, Grunder raised it for the first time in this appeal. It was not made to the district court, and the district court had no opportunity to pass upon it.

■■■ We will not review issues on appeal unless they were properly preserved below. *Weltzin v. Nail*, 618 N.W.2d 293, 296 (Iowa 2000) (citing *In re Marriage of Hitchcock*, 265 N.W.2d 599, 606 (Iowa 1978)). As we have repeatedly explained,

> [B]ased upon considerations of fairness, ... this court is not ordinarily a clearinghouse for claims which were not raised in the district court[.] "[I]t is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. Furthermore, it is unfair to allow a party to choose to remain silent in the trial court in the face of error, taking a chance on a favorable outcome, and subsequently assert error on appeal if the outcome in the trial court is unfavorable."

*Sorci v. Iowa Dist. Ct.*, 671 N.W.2d 482, 489 (Iowa 2003) (quoting *DeVoss v. State*, 648 N.W.2d 56, 60 (Iowa 2002)); *accord Wilson v. Liberty Mut. Group*, 666 N.W.2d 163, 167 (Iowa 2003) (" 'It is a fundamental doctrine of appellate procedure that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.' " (citation and emphasis omitted)); *Strand v. Rasmussen*, 648 N.W.2d 95, 100 (Iowa 2002); *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002); *Benavides v. J.C. Penney Life Ins. Co.*, 539 N.W.2d 352, 356 (Iowa 1995); *see also Garwick v. Iowa Dep't of Transp.*, 611 N.W.2d 286, 288 (Iowa 2000) (" 'Issues not raised before the district court ... cannot be raised for the first time on appeal.' " (quoting *State v. McCright*, 569 N.W.2d 605, 607 (Iowa 1997))); *Vincent v. Four M Paper Corp.*, 589 N.W.2d 55, 64 (Iowa 1999) ("We will not address an argument which the district court did not have an opportunity to consider." (citing *Sun Valley Iowa Lake Ass'n v. Anderson*, 551 N.W.2d 621, 642 (Iowa 1996))).

■■■ Grunder is correct that the Bank, as the party moving for summary judgment, had the burden to show the district court that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. Iowa R. Civ. P. 1.981(3). The moving party in a summary judgment proceeding is obligated to establish a right to recover on its claim. *Id.* Moreover, while our rules of summary judgment direct the nonmoving party to contest the entry of judgment and point out deficiencies in the claim, the failure to do so does not necessarily relieve the movant of its obligation. However, if the movant has failed to establish its claim and the court nevertheless enters judgment, the nonmovant must at least preserve error by filing a motion following

entry of judgment, allowing the district court to consider the claim of deficiency.

In this case, not only did Grunder fail to file a resistance to the Bank's motion, it also remained silent when the district court allegedly erroneously entered judgment in favor of the Bank. If Grunder believed the Bank failed to show entitlement to judgment as a matter of law by failing to show the deed of trust was free from defects, it was obligated to alert the trial court by filing a motion following entry of judgment. *Id.* R. 1.904(2); *Meier,* 641 N.W.2d at 537–39. Because Grunder filed no such motion, the issue is not preserved for appeal.

### IV. Conclusion.

Because Grunder failed to preserve any issue for appeal, "there is nothing before us to review." *Wilson,* 666 N.W.2d at 167. We therefore affirm the decision of the district court.

**AFFIRMED.**

All justices concur except LARSON, J., who takes no part.