**IN THE COURT OF APPEALS OF IOWA**

No. 19-0510
Filed March 18, 2020

**IOWA STUDENT LOAN LIQUIDITY CORP.,**
    Plaintiff-Appellee,

**vs.**

**ERIC J. HEATON,**
    Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mark D. Cleve, Judge.


        Eric Heaton appeals from the grant of summary judgment in favor of Iowa

Student Loan Liquidity Corp.  **AFFIRMED.**


        Eric J. Heaton, Davenport, self-represented appellant.

        Brooke S. Jacobs and Michael Heilman of Brick Gentry, P.C., West Des

Moines, for appellee.


        Considered by Bower, C.J., and Greer and Ahlers, JJ.

**AHLERS, Judge.**

Eric Heaton failed to pay his student loan debt when it became due. Nearly ten years after Heaton defaulted, Iowa Student Loan Liquidity Corp. (ISL) filed suit to recover all amounts owed on the unpaid promissory notes signed by Heaton. The district court granted ISL summary judgment, and Heaton appeals. Finding no genuine issue of material fact on any of the claims Heaton preserved for our review, we affirm.

### I.    Background Facts and Proceedings

In 2000, Heaton borrowed $9300.00 from ISL and signed a promissory note for that amount. In 2002, he borrowed an additional $19,999.00 from ISL, signing a second promissory note. Although he began making payments on the notes, he made his last payment on both notes in December 2008. On November 19, 2018, ISL filed this action seeking to recover damages on both notes due to nonpayment. ISL moved for summary judgment, which Heaton resisted.[1] After an unreported hearing, the district court granted summary judgment and entered judgment against Heaton for the total amount owed on both notes of $39,019.91, which included accrued interest and late fees.

---

[1] The document Heaton filed in response to ISL's motion for summary judgment was captioned "Defendant's Motion to Dismiss Plaintiff's Motion for Summary Judgment." The prayer for relief included a request for denial of ISL's motion for summary judgment and entry of dismissal in Heaton's favor. Although the filing is captioned as a motion and includes a prayer for dismissal, there is no basis for dismissal stated in the filing besides conclusory statements with no factual or legal support. Consequently, we treat Heaton's filing only as a resistance to ISL's motion for summary judgment and it will be referred to as such throughout this ruling. *See Bank of America, N.A. v. Schulte*, 843 N.W.2d 876, 879 n.1 (Iowa 2014) (holding that filings are addressed by their content, not their caption).

## II.     Standard of Review

> We review an order granting summary judgment for correction of errors at law.  The moving party has the burden of showing the nonexistence of a material fact.  The nonmoving party should be afforded every legitimate inference that can be reasonably deduced from the evidence, and if reasonable minds can differ on how the issue should be resolved, a fact question is generated.  Our review is limited to whether a genuine issue of material fact exists and whether the district court correctly applied the law.

*Hills Bank & Tr. Co. v. Converse*, 772 N.W.2d 764, 771 (Iowa 2009) (citations and internal quotation marks omitted).

## III.     Error Preservation

Heaton raises numerous issues on appeal.  While he referenced many of these issues in his resistance to ISL's motion for summary judgment, he had the obligation to ensure the district court ruled on the issues to preserve error for our review.  *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").  "The claim or issue raised does not actually need to be used as the basis for the decision to be preserved, but the record must at least reveal the court was aware of the claim or issue and litigated it."  *Id.* at 540.

The district court's order granting summary judgment to ISL from which Heaton appeals only states that after considering ISL's "moving papers and argument and [Heaton's] opposition and argument and good cause appearing, the Court finds that [ISL's] application for summary judgment should be and is granted."  This order does not specify which part of Heaton's "opposition and argument" the court considered and rejected after the unreported hearing.  Heaton

did not file a post-hearing motion to ensure the court ruled on his outstanding arguments. *See UE Local 893/IUP v. State*, 928 N.W.2d 51, 61 (Iowa 2019) (concluding a party must ask the district court to address an issue not otherwise addressed on summary judgment in order to preserve the issue for appeal); *Bill Grunder's Sons Constr., Inc. v. Ganzer*, 686 N.W.2d 193, 197 (Iowa 2004) (stating a nonmovant must file a motion under Iowa Rule of Civil Procedure 1.904 after the grant of summary judgment to preserve its unaddressed arguments for appeal). Instead, Heaton sought to create a record of the hearing by filing a statement with the district court. *See* Iowa R. App. P. 6.806 (allowing a party to file a statement "to create a record of a hearing or trial for which a transcript is unavailable," the opposing party to file "objections or proposed amendments," and the district court to settle and approve the statements). ISL resisted and filed its own statement. In addressing the parties' competing statements, the court did not accept either statement in its entirety, but it found ISL's statement "more accurately characterized" the hearing and the hearing "generally followed and [was] consistent with" ISL's motion for summary judgment and related filings. Thus, we find the court decided—and preserved for our review—only those issues discussed in ISL's motion for summary judgment and rule 6.806 statement.

ISL's motion for summary judgment discussed the elements of their breach-of-contract claim, which Heaton disputed in his resistance. The district court necessarily agreed ISL satisfied those elements in granting summary judgment. Therefore, we will consider whether a genuine issue of material fact remains as to the elements of breach of contract. ISL's rule 6.806 statement mentions Heaton asserted ISL's "claims are 'time-barred'" as a defense. Therefore, we will also

consider Heaton's statute-of-limitations claim. Finding no indication the district court considered and ruled upon Heaton's other claims—including, but not limited to, laches, violations of federal law, breach by the opposing party, and mistake—those claims are not preserved for our review.

### IV. Elements of Breach of Contract

In order to prevail on its breach-of-contract claim, ISL is required to prove:

> (1) the existence of a contract; (2) the terms and conditions of the contract; (3) [the plaintiff] has performed all the terms and conditions required under the contract; (4) the defendant's breach of the contract in some particular way; and (5) that plaintiff has suffered damages as a result of the breach.

*Iowa Mortg. Ctr., L.L.C. v. Baccam*, 841 N.W.2d 107, 110–11 (Iowa 2013) (quoting *Molo Oil Co. v. River City Ford Truck Sales, Inc.*, 578 N.W.2d 222, 224 (Iowa 1998)). To support its claim, ISL submitted the loan applications and promissory notes showing the amounts Heaton borrowed and agreed to repay to ISL. It also submitted various financial documentation, including financial activity summaries showing Heaton's nonpayment, the accumulation of interest and fees, and the outstanding balance on both notes. Finally, it submitted an affidavit from its call center director confirming the various documents. To overcome summary judgment, Heaton "must set forth specific facts showing that there is a genuine issue for trial" using affidavits or evidence; he "may not rest upon the mere allegations or denials in the pleadings." Iowa R. Civ. P. 1.981(5). He submitted no affidavits or evidence with his filings, and the court in its rule 6.806 statement verified no one submitted evidence during the hearing. He raises legal arguments and questions the accuracy of ISL's evidence in his arguments to us, but his arguments do not create a genuine issue of material fact. *See Hoefer v. Wis. Educ.*

*Ass'n Ins. Tr.*, 470 N.W.2d 336, 338 (Iowa 1991) ("[T]here is no genuine issue of fact if there is no evidence."). ISL's evidence satisfies the elements of its breach-of-contract claim, and we find no genuine issue of material fact as to these elements.

## V.      Statute of Limitations

Heaton claims the three-year limitation period provided for in Iowa Code section 554.4111 applies to ISL's claims in this case. *See* Iowa Code § 554.4111 (2009). This statute of limitations only applies to bank deposits and collections arising under Iowa Code chapter 554, article 4. *See id.* ISL's causes of action against Heaton are not based on bank deposits or collections, so the limitation period set forth in Iowa Code section 554.4111 does not apply. Instead, ISL's claim are based on breach of written contracts in the form of the promissory notes signed by Heaton. As such, the ten-year statute of limitations that applies to written contractual claims applies here. *See* Iowa Code § 614.1(5) (2009); *Legg v. W. Bank*, 873 N.W.2d 763, 774 (Iowa 2016) ("Written contracts are subject to a ten-year statute of limitations . . . ."). Heaton concedes in his brief to us that ISL's action was filed within the ten-year statute of limitations period. Therefore, we find no genuine issue of material fact that supports Heaton's defense that ISL's causes of action are barred by the statute of limitations.

## VI.      Conclusion

We find no genuine issue of material fact as to whether ISL satisfied the elements of their breach-of-contract claims or supporting the contention ISL's claims are time-barred by the applicable statute of limitations. Heaton's other

claims are not preserved for our review.  Therefore, we affirm the grant of summary judgment in favor of ISL.

**AFFIRMED.**