# IN THE COURT OF APPEALS OF IOWA

No. 21-0050
Filed March 2, 2022


**CADLES OF WEST VIRGINIA, LLC, substituted for NCP EAST LLC,**
    Plaintiff-Appellee,

**vs.**

**MIDWEST BIOLOGICS, LLC, ADVANCED WELLNESS SPORTS AND SPINE, P.C., and BRETT C. LOCKMAN,**
    Defendants-Appellants.
_____


Appeal from the Iowa District Court for Scott County, Marlita A. Greve, Judge.


Borrower/mortgagor and guarantors appeal the grant of summary judgment in favor of the mortgagee assignee in a mortgage foreclosure action. **AFFIRMED.**


Benjamin J. Samuelson (until withdrawal), Jean Z. Dickson, and Jacob V. Kline (until withdrawal) of Betty, Neuman & McMahon, P.L.C., Davenport, for appellants.

Adam J. Babinat of Redfern Mason Larsen & Moore P.L.C., Cedar Falls, for appellee Cadles of West Virginia, LLC.

Considered by Ahlers, P.J., Mullins, S.J.,* and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**BLANE, Senior Judge.**

In this mortgage foreclosure action, the borrower/mortgagor and guarantors appeal the district court's grant of summary judgment in favor NCP East, LLC (NCP).[1] They assert NCP, which claimed to be lender U.S. Bank's assignee, failed to submit proof of undisputed facts as required by Iowa Rule of Civil Procedure 1.981(3) and was not entitled to summary judgment. In the alternative, they argue the court should have granted a continuance to allow discovery under Iowa Rule of Civil Procedure 1.981(6). Upon our review, we determine the district court did not commit any error and affirm.

## I. Background facts and proceedings.

On July 18, 2014, Midwest Biologics, LLC, (Midwest Biologics) entered into two loan agreements and term notes—one for $596,000.00 and the other for $516,000.00—with U.S. Bank related to real estate, a collection of six units in the Paul Revere Square commercial horizontal property regime in Davenport, Iowa. These loans served to fund Midwest Biologics' purchase and renovation of the real estate. The parties also executed mortgages relating to the real estate on July 18, 2014, which were recorded on July 21, 2014. Advanced Wellness, Sports, and Spine, P.C. (Advanced Wellness) and Dr. Brett C. Lockman (Lockman) also signed guaranties of the two notes on July 18, 2014.

---

[1] On November 15, 2021, Cadles of West Virginia LLC (Cadles) filed a motion to substitute for NCP based on NCP assigning its interest in the judgment in this action to Cadles on October 21, 2021. The "Assignment of Judgment" was filed with the district court on October 28, 2021. By order of this court filed on November 16, 2021, the motion to substitute was granted and Cadles substituted as the plaintiff/appellee. Since NCP obtained the summary judgment and foreclosure, we will refer to that entity in this opinion.

On March 2, 2020, NCP filed its petition against Midwest Biologics, as well as other defendants who are not participating in this appeal.[2] NCP asserted that on February 22, 2019, for consideration U.S. Bank assigned to it the notes, mortgages, and guaranties. NCP brought suit on the notes and sought to foreclose on the two mortgages on the real property (without redemption) and to obtain a money judgment against Midwest Biologics. On July 21, 2020, NCP filed an amended petition to add Advanced Wellness and Lockman as defendants-guarantors of Midwest Biologics' notes.

On October 23, 2020, NCP filed its motion for summary judgment; statement of undisputed facts and memorandum of authorities; and appendix with supporting affidavit by Greg Walter, a partner at NCP acting as its authorized representative. On November 23, Midwest Biologics, Advanced Wellness, and Lockman (hereinafter, collectively Midwest Biologics) resisted summary judgment, supported by an affidavit signed by Lockman. NCP served responses to Midwest Biologics' written discovery requests on December 7, 2020, and that same day filed a reply brief in the summary judgment proceedings, as well as a supplemental affidavit by Walter.[3] The district court heard the motion for summary judgment on

---

[2] The other defendants named in the Petition were M&C Inc. d/b/a Servpro of Davenport-Bettendorf/Moline-Rock Island, Inc., Paul Revere Square Owners Association, and Parties in Possession. They have not appealed.

[3] NCP's discovery responses included answers to Midwest Biologics' interrogatories and response to request for production of documents. Iowa Rule of Civil Procedure 1.981(3) only allows the court to consider the answers to interrogatories in ruling on summary judgment as the answers are submitted under oath. Since documents produced in response to a request for production are not supplied under oath, the court is not permitted to rely upon such documents in addressing the motion for summary judgment unless a document is identified in and foundation established by an affidavit.

December 14, and entered an order granting it that same day. The order in pertinent part stated:

> This is a foreclosure action. Discovery is not yet compete, which is one of Defendants' main arguments summary judgment should be denied. Defendants also argue there is a lack of evidence of what the bank actually has in support of its motion.
>
> Defendants' argument ignores the fact that it did propound discovery, which was responded to on December 7, 2020. While there were a lot of objections to the discovery, the relevant issues relating to this case were disclosed. Defendants also did not reveal what it expected to receive in additional discovery other than it claims there may be evidence disclosed in depositions or additional bank documents that would support Defendants' position.
>
> A motion for summary judgment does not require that discovery be completed. Defendants are required to put forth actual facts in the form of affidavits to dispute the summary judgment, which it has clearly failed to do. The court cannot fathom what information it still needs to resist this summary judgment motion. It clearly is undisputed that the notes have not been paid.

The court ordered NCP to submit a more in-depth proposed summary judgment ruling. On December 29, Midwest Biologics filed a motion to reconsider the December 14 order. On December 31, the court denied the motion to reconsider and filed the judgment and decree of foreclosure finding:

> The Court finds the Defendants' Answers and the Resistance filed by Borrower, Advanced Wellness and Lockman fail to raise an issue of material fact that is in dispute and, as such, summary judgment should be granted against all of the Defendants for the relief prayed for in Plaintiff's Amended and Substituted Petition.

Midwest Biologics filed its notice of appeal on January 12, 2021.[4]

---

[4] Counsel for NCP filed a motion to withdraw after the supreme court transferred the case to the court of appeals. Because Cadles is the substitute party, we grant the motion to withdraw.

**II.     Standard of review.**

Appellate review of summary judgment rulings is for correction of errors at law.  *Albaugh v. The Reserve*, 930 N.W.2d 676, 682 (Iowa 2019).  "A motion for summary judgment is appropriately granted when 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'"  *Behm v. City of Cedar Rapids*, 922 N.W.2d 524, 542 (Iowa 2019) (ellipsis in original) (quoting Iowa R. Civ. P. 1.981(3)).  "An issue is 'genuine' if the evidence in the record 'is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Honomichl v. Valley View Swine, LLC*, 914 N.W.2d 223, 230 (Iowa 2018) (quoting *Nelson v. Lindaman*, 867 N.W.2d 1, 6 (Iowa 2015)).  The record is viewed in the light most favorable to the nonmoving party and that party is granted all reasonable inferences that can be drawn from the record.  *Id.*  "Summary judgment is appropriate if the only conflict concerns the legal consequences of undisputed facts."  *Id.* (quoting *Plowman v. Fort Madison Cmty. Hosp.*, 896 N.W.2d 393, 398 (Iowa 2017)).

**III.     Discussion.**

Midwest Biologics contends that NCP's submissions in support of its motion for summary judgment did not establish that there were no genuine issues of any material facts and that NCP's undisputed facts did not establish a prima facie case so as to entitle it to summary judgment.  More specifically, it argues that the affidavits of Walter did not establish that he had "personal knowledge" of the facts set out, did not comply with the rule, and should not have been relied upon by the court in determining undisputed facts and granting the motion.  It also argues that Walter's affidavits only contain mere conclusory assertions and not admissible

evidence. Further, it contends that the district court should have granted its request for time, under Iowa Rule of Civil Procedure 1.981(6), to complete discovery in order to support its resistance before ruling on the motion.

Iowa Rule of Civil Procedure 1.981(3), in part, requires:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment is only to be granted if those documents establish NCP is entitled to judgment. *See* Iowa R. Civ. P. 1.981(3). "Although our rules of procedure allow a nonmoving party to resist summary judgment, the burden is still on the moving party 'to show the district court that there was no genuine issue of material fact and that it was entitled to a judgment as a matter of law.'" *Otterberg v. Farm Bureau Mut. Ins. Co.*, 696 N.W.2d 24, 27 (Iowa 2005) (quoting *Bill Grunder's Sons Constr., Inc. v. Ganzer*, 686 N.W.2d 193, 197 (Iowa 2004) (citing Iowa R. Civ. P. 1.981(3))).

Before addressing the issues, we give some additional background on the evidence offered with the summary judgment motion. Iowa Rule of Civil Procedure 1.981(5) prescribes:

> *Form of affidavits; further testimony; defense required.* Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or filed therewith.

Walter's affidavits each initially states he is a partner and authorized representative of NCP and is "familiar with the loan transactions and documents

that are submitted with the Amended and Substituted Suit for Money Judgment and Foreclosures of Mortgage Without Redemption" filed in the action. He averred to the following facts: that NCP acquired the notes, loan agreements and guaranties from US Bank, the original lender, and is now the owner and holder of them; that the bank assigned to NCP two separate mortgages for the "subject real estate" which were recorded with the Scott County Recorder; that Midwest Biologics did not pay the obligations, the notes are in default, and NCP gave notice to Midwest Biologics of default on February 19, 2020[5]; and despite the notice, it failed to pay the amounts due on the notes and owed the amounts specified as of October 13, 2020.

Walter further averred in his supplemental affidavit that for statements in his first affidavit as to amounts owed he had reviewed the book and records NCP obtained from U.S. Bank when it acquired the notes, mortgages, and guaranties; that those bank records included Midwest Biologics' payment history as of October 4, 2018 (the date NCP acquired them), and were attached as an exhibit to the affidavit; that Exhibit K is identified as NCP's payment history on the notes[6]; and that Midwest Biologics had not made any payments on the notes to NCP since the notes were assigned to it by U.S. Bank. We now address the issues raised.

---

[5] Walter's affidavit specifically references the notes, notice of default, guaranties, mortgages, and assignments which are included in the appendix to the motion for summary judgment. The court may then consider those documents since they are supported by an affidavit.
[6] Reference to Late Fees in the affidavit was for advances made by NCP for past due real estate taxes. NCP is waiving any right to interest on the advances made for the payment of the past due real estate taxes and not seeking default interest.

**A. Midwest Biologics' arguments.**

Before we can determine whether summary judgment was properly granted, we must address Midwest Biologics' claim that Walter's affidavits were not based on personal knowledge and the district court erred when it considered them. In *Jeffries v. Kopp*, No. 01-0854, 2004 WL 1071187, at *3 (Iowa Ct. App. May 14, 2004), where the plaintiff resisted summary judgment claiming the affiant did not have personal knowledge, we concluded: "[the company's] policies, procedures, and actions are matters that logically and presumably were within the knowledge of [the affiant] as its president." We considered a similar situation in *Cap. One Bank (USA), N.A. v. Taylor*, No. 13-2043, 2015 WL 7567398, at *1 (Iowa Ct. App. Nov. 25, 2015). There, the defendant contested the summary judgment motion arguing the affidavit was not based on personal knowledge.

> Taylor specifically argues Capital One's supportive affidavit is incompetent in that the affiant did not claim personal knowledge of these facts because she prefaces these two statements with the phrase "to the best of my knowledge and belief." Taylor contends that by using this phrase, the affiant claims to have personal knowledge of Capital One's business records but not personal knowledge about Capital One's mailing practices, whether the statements were properly mailed to Taylor, or whether Taylor made an objection. Taylor contends that this phrase renders the affiant's assertions to be little more than inadmissible hearsay not within the business record exception. Additionally, Taylor insists the affidavit fails to identify any Capital One business records that the affiant reviewed, including account statements or a cardholder agreement, and that it does not state whether the records are reliable or whether they even exist to establish there have been no disputes on the account or that the charges are accurate.

*Cap. One Bank (USA), N.A.*, 2015 WL 7567398, at *5 (footnote omitted). We held:

> Iowa Rule of Civil Procedure 1.981(5) provides, "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." We

find the affidavit is competent evidence even if it is not the strongest evidence. *See Competence, Black's Law Dictionary* (10th ed. 2014) ("A basic or minimal ability to do something; adequate qualification, esp. to testify[.]"). It is based on the affiant's personal knowledge as a result of her employment position and sets forth admissible facts under the business records exception to hearsay. Taylor's arguments regarding the affiant's use of the phrase "to the best of my knowledge and belief" in two paragraphs amount to a challenge regarding the weight it should be given rather than its competency.

*Id.* Midwest Biologics points us to *Employers Mutual Casualty Co. v. Van Haaften*, 815 N.W.2d 17, 29 (Iowa 2012), to support its contention that the court in a summary judgment proceeding could not consider exhibits submitted in support of the motion. We find that case inapplicable here. As the supreme court noted, the plaintiff submitted no affidavit testimony to authenticate those exhibits and no expert testimony of a certified public accountant to prove the amount of the loss. Here, Walter's affidavits provides the basis.

Walter, as a partner and authorized representative, was competent to testify to the corporate knowledge involving the transaction with U.S. Bank and to provide the foundation for admission of the various documents, including the notes, notice of default, guaranties, mortgages, and assignments. Walter's affidavits identified these exhibits that were part of the appendix NCP submitted in support of its summary judgment motion. We observe that Walter did not use the term "to the best of my knowledge." The district court was correct in relying on Walter's affidavits, the documents for which Walter provided foundation, as well as the allegations in NCP's amended petition admitted by Midwest Biologics' answer.

The elements of a breach-of-contract claim in Iowa are well-known:

To prove a breach of contract claim, a party must show: "(1) the existence of a contract; (2) the terms and conditions of the contract; (3) that it has performed all the terms and conditions required under

the contract; (4) the defendant's breach of the contract in some particular way; and (5) that plaintiff has suffered damages as a result of the breach."

*Iowa Mortg. Ctr., L.L.C. v. Baccam*, 841 N.W.2d 107, 110–11 (Iowa 2013) (quoting *Molo Oil Co. v. River City Ford Truck Sales, Inc.*, 578 N.W.2d 222, 224 (Iowa 1998)). "The first three elements address the existence of a contract. The last two elements address the breach of the contract and the damages caused by the breach." *Id.* at 111.

Applying the undisputed facts, NCP established the existence of the contract—as set out in the notes—and that the terms have been performed—U.S. Bank provided the funds for the purchase and remodel of the real estate, which is not denied by Midwest Biologics. Walter's affidavit supports a breach—that Midwest Biologics has not made payments. The amount of damages is proved by terms of the notes and Walter's affidavit that he personally reviewed the payment records of both U.S. Bank and NCP and was able to calculate the amount owed.

**B. Midwest Biologics' countervailing affidavit.**

In support of its resistance to NCP's summary judgment motion, Midwest Biologics submitted an affidavit from Lockman, in which he avers: Midwest Biometrics requires discovery in order to prepare a proper defense to the summary judgment motion. In particular, Lockman states discovery is needed to verify NCP's claim to be the successor in interest to U.S. Bank, including the circumstances surrounding the transfer of the notes and mortgages and the terms of the assignment. Lockman also advances Midwest Biologics' argument that the "indemnification and hold harmless" agreements apply and its assertion that it

needs more discovery to address them. He also objects that the evidence of the amount owed is not properly documented.

Iowa Rule of Civil Procedure 1.981(6) provides:

> *When affidavits are unavailable.* Should it appear from the affidavits of a party opposing the motion that the party for reasons stated cannot present by affidavit facts essential to justify the opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Lockman's affidavit does not deny any of NCP's fact allegations. It solely is in support of Midwest Biologics' request for an opportunity to conduct discovery to contest NCP's allegations. The affidavit does not state reasons it could not present affidavits to support its resistance to the summary judgment motion. The rule provides the court with several options, using the word "may," and that it may make such other order as is just.

The district court considered Midwest Biologics' request and rejected it, setting forth specific reasons for doing so. The court noted this is a foreclosure action. Midwest Biologics "did not reveal what it expected to receive in additional discovery other than it claims there may be evidence disclosed in depositions or additional bank documents that would support" its position. "A motion for summary judgment does not require that discovery be completed." Midwest Biologics was "required to put forth actual facts in the form of affidavits to dispute the summary judgment, which it has clearly failed to do." The district court concluded: "The court cannot fathom what information it still needs to resist this summary judgment motion. It clearly is undisputed that the notes have not been paid." On the record

before us, we agree and find no error in the court's conclusion. The district court could properly conclude that further discovery was not appropriate.

### C. Midwest Biologics' affirmative defense based on corporate documents.

Lastly, Midwest Biologics points to a document Lockman briefly references in his affidavit in support of the resistance to summary judgment, the indemnification and hold harmless agreements entered into by three U.S. Bank officials, NCP's predecessor in interest. In its answer to NCP's amended petition, Midwest Biologics asserted an affirmative defense of indemnity and hold harmless based upon the "Corporate Compliance" agreement. This exhibit is actually entitled "HIPAA, Corporate Compliance, and Confidentiality Agreement."

The district court did not specifically address this issue, but impliedly found the document did not prevent summary judgment. In its appeal brief, Midwest Biologics argues the district court erred in failing to acknowledge the genuine dispute of material fact relating to (1) the impact of the release and waiver of claims and (2) the indemnification/hold-harmless provisions in the Corporate Terms. It argues:

> By the plain language of the Corporate Terms, U.S. Bank, through Richardson, Bahr, and Goben [U.S. Bank officials], released Midwest Biologics from any claims relating to the Notes or Mortgages on August 17, 2015. Similarly, U.S. Bank also released Advanced Wellness and Lockman from any obligations under the Guarantees on August 17, 2015. These releases predated any alleged transfer from U.S. Bank to NCP on or about February 22, 2019.

(Citations omitted.) As we noted above, "[s]ummary judgment is appropriate if the only conflict concerns the legal consequences of undisputed facts." *Honomichl*, 914 N.W.2d at 230. NCP does not contest that these documents were signed. So

it is their legal consequences that the court is able to determine. The documents do not create a factual dispute preventing summary judgment. We have reviewed the documents and find they provide no basis for Midwest Biologics' claims that they contain releases, waivers, or hold harmless of indemnification related to the notes and mortgages. The documents in no way prevent summary judgment.

## IV.    Conclusion.

The district court correctly determined that the Walter affidavits were based on personal knowledge; that the undisputed facts established that there was no genuine issue of material fact; that NCP, as assignee of U.S. Bank, was entitled to summary judgment; and Midwest Biologics' motion for opportunity to conduct discovery in this mortgage foreclosure action was properly denied. We affirm the award of summary judgment to NCP and Cadles of West Virginia as its substitute party.

**AFFIRMED.**