# IN THE COURT OF APPEALS OF IOWA

No. 21-1966
Filed August 3, 2022

**BRIDGE GAP ENGINEERING, LLC, on its own behalf and as assignee of MISSOURI CEMENT, L.L.C., d/b/a CONTINENTAL CEMENT COMPANY, L.L.C.,**
        Plaintiff-Appellee,

**vs.**

**AMERICAN PFEIFFER CORPORATION, d/b/a CHRISTIAN PFEIFFER AMERICA and CHRISTIAN PFEIFFER MASCHINEFABRIK, GMBH,**
        Defendants-Appellants.
_____

        Appeal from the Iowa District Court for Scott County, Marlita A. Greve, Judge.

        A manufacturing corporation appeals the district court's denial of its motion to reconsider an award of damages following the grant of summary judgment in a breach-of-contract action. **REVERSED AND REMANDED.**

        Ian J. Russell, Grace E. Mangieri, and Jenny L. Juehring of Lane & Waterman LLP, Davenport, for appellants.

        James S. Zmuda and Keisha N. Douglas of Califf & Harper, P.C., Moline, Illinois, for appellee.

        Heard by Vaitheswaran, P.J., and Tabor and Badding, JJ.

**TABOR, Judge.**

The Continental Cement company contracted with Bridge Gap Engineering to upgrade its Davenport plant by installing a new high-efficiency separator. As part of this upgrade, Bridge Gap purchased the separator for $765,000 from Christian Pfeiffer America.[1] The terms of the purchase order included Christian Pfeiffer's guarantees of improved performance for the cement plant. When the plant failed to achieve those performance measures, Bridge Gap, as Continental's assignee, sued Christian Pfeiffer. After an uncontested motion for summary judgment, the district court awarded Bridge Gap damages of $6,635,617.62.

Christian Pfeiffer now contends that the court erred by not entertaining its motion to reconsider that damage award. *See* Iowa R. Civ. P. 1.904(2). The motion alleged that Bridge Gap's recovery was limited by a liquidated-damages provision in the parties' contract. The district court denied the motion, ruling that parties cannot use a rule 1.904(2) motion to submit additional evidence.

Because the contract provision was not "additional evidence," we reverse the denial of Christian Pfeiffer's motion to reconsider. And we remand for the district court to decide whether the liquidated-damages provision applies to Bridge Gap's causes of action and to enter a summary judgment order with the appropriate award of damages.

---

[1] American Pfeiffer Corporation is based in Pennsylvania. Its manufacturing parent company, based in Germany, is Christian Pfeiffer Maschinenfabrick GmbH. We will refer to these defendants collectively as Christian Pfeiffer.

**I.** **Facts and Prior Proceedings**

In February 2018, Bridge Gap entered an agreement with Continental to acquire and install a Christian Pfeiffer QDK248-Z high-efficiency separator to modernize its cement plant. The total contract price that Continental owed Bridge Gap was $6,453,500. One month later, Bridge Gap submitted a purchase order to Christian Pfeiffer, which included system performance guarantees.

Alleging that after the separator's installation, the finish mill system failed to achieve those performance guarantees, Bridge Gap sued Christian Pfeiffer in December 2019. The petition alleged breach of contract and negligent misrepresentation, later amended to include a fraud claim and a demand for $7,000,000 in damages. With its petition, Bridge Gap included two exhibits: the purchase order and the performance guarantees contract. Both exhibits included this damages provision:

6. Total Damages.

NEITHER THE CONTRACTOR NOR OWNER SHALL BE LIABLE UNDER THE CONTRACT OR UNDER ANY CAUSE OF ACTION RELATED TO THE SUBJECT MATTER OF THIS CONTRACT, WHETHER IN CONTRACT, WARRANTY, TORT (INCLUDING NEGLIGENCE), STRICT LIABILITY, PRODUCTS LIABILITY, PROFESSIONAL LIABILITY, INDEMNITY, CONTRIBUTION OR ANY OTHER CAUSE OF ACTION, FOR AMOUNTS IN EXCESS OF THIRTY PERCENT (30%) OF THE CONTRACT PRICE (AS MAY BE ADJUSTED BY CHANGE ORDER); PROVIDED, HOWEVER, NOTWITHSTANDING THE FOREGOING, THE LIMITATION OF LIABILITY SET FORTH IN THIS SECTION (A) SHALL NOT: (i) APPLY IN THE EVENT OF THE CONTRACTOR'S OR OWNER'S WILLFUL MISCONDUCT OR GROSS NEGLIGENCE; OR (ii) INCLUDE THE PAYMENT OF PROCEEDS UNDER ANY INSURANCE POLICY SPECIFIED IN THE CONTRACT.
SUBJECT TO SECTION a.4 OF EXHIBIT B, THE CONTRACTOR'S MAXIMUM LIABILITY TO THE OWNER FOR

PERFORMANCE LIQUIDATED DAMAGES IS 15% OF THE CONTRACT PRICE IN THE AGGREGATE.

REGARDLESS OF ANY OTHER PROVISION OF THE CONTRACT, THE CONTRACTOR AND OWNER SHALL NOT BE RESPONSIBLE OR HELD LIABLE TO THE OTHER PARTY FOR ANY LIABILITY FOR LOSS OF PROFITS, LOSS OF REVENUE, LOSS OF PRODUCT, LOSS OF CUSTOMERS, UNABSORBED OVERHEAD, HOME OFFICE OVERHEAD, ADDITIONAL INTEREST OR FINANCE CHARGES OR BUSINESS INTERRUPTION OR FOR ANY TYPE OF CONSEQUENTIAL, PUNITIVE, SPECIAL, EXEMPLARY OR INCIDENTAL DAMAGES, ARISING FROM ANY CAUSE WHATSOEVER, WHETHER OR NOT SUCH LOSS OR DAMAGE IS BASED IN CONTRACT, WARRANTY, TORT (INCLUDING NEGLIGENCE), STRICT LIABILITY, INDEMNITY OR OTHERWISE.

A flurry of filings followed Bridge Gap's petition, some of which are not relevant here. But key to this appeal, in August 2021, Bridge Gap moved for summary judgment, alleging there was no genuine issue of material fact and it was entitled to a judgment in its favor. In support, Bridge Gap provided nineteen exhibits; Exhibit 1 included the performance guarantee contract and its liquidated-damages provision. Christian Pfeiffer did not file a resistance. In September 2021, the district court set a hearing on the summary judgment motion, noting that Bridge Gap had not alleged "a sum certain for judgment." That hearing on damages was set for November 2021.

Meanwhile, Christian Pfeiffer cross-moved for summary judgment, alleging Bridge Gap had disclosed no expert witnesses. The court struck that motion as untimely.[2] Christian Pfeiffer then tried to retroactively contest Bridge Gap's summary judgment motion, seeking to set aside the scheduling order. The court denied Christian Pfeiffer's belated request.

---

[2] Counsel for Christian Pfieffer filed that motion at 12:01 a.m. on October 6, 2021—one minute past the October 5 deadline set for dispositive motions.

When the day of the hearing on damages arrived, counsel for Christian Pfeiffer made an oral motion to continue, citing personal and family health issues. The court denied the motion. Although the hearing was not reported, the court later wrote that it was "sympathetic" to counsel's issues, but could not overlook that two attorneys from the Puryear Law firm representing Christian Pfeiffer had entered appearances in the case. So the hearing proceeded.

Bridge Gap submitted ten exhibits on damages; Exhibit 4 contained a total-damage calculation of $6,635,617.62. Counsel for Christian Pfeiffer did not object to Bridge Gap's evidence and submitted none of its own. The district court awarded damages of $6,635,617.62—the amount that Bridge Gap requested.

Two weeks later, Christian Pfeiffer moved to amend, enlarge, and reconsider the court's damages ruling under rule 1.904(2). Christian Pfeiffer argued that the liquidated-damages provision of the contract applied and should have limited Bridge Gap's recovery to fifteen percent of the total contract price.[3]

The district court denied the rule 1.904(2) motion, finding the liquidated-damages provision was new evidence, not already submitted. The court wrote:

> Defendants argue to the extent damages are appropriate, they are subject to a liquidated damage provision of 15% of the total contract price as allegedly set forth in the contract provision of performance guarantees. As the court's November 15, 2021 ruling stated, at the November 9, 2021 hearing, the court received affidavits and exhibits as evidence of damages *without any objection from Defendants*. . . . It is improper now for Defendants to claim there is additional evidence supporting a different amount of damages. That argument is contrary to its failure to object during the hearing and is contrary to spirit of an Iowa R. Civ. P. 1.904(2) motion, which is to reconsider the evidence already submitted, not to give the parties an opportunity

---

[3] The rule 1.904(2) motion also argued that a continuance should have been granted and the cross-motion for summary judgment should not have been stricken. But Christian Pfeiffer does not renew those arguments on appeal.

to submit additional evidence to support their positions. *In re Marriage of Roberts*, 954 N.W.2d 757, 762 (Iowa Ct. App. 2020).

Christian Pfeiffer filed a timely notice of appeal. One month later, Christian Pfeiffer moved to allow the Puryear Firm to withdraw as counsel and to substitute attorneys from Lane and Waterman LLP for the appeal.

## II.    Scope and Standard of Review

We review summary judgment rulings for correction of errors at law. *Putman v. Walther*, 973 N.W.2d 857, 863 (Iowa 2022). "Summary judgment is appropriate when the moving party establishes there is no genuine issue of material fact and it is entitled to judgment as a matter of law." *33 Carpenters Constr., Inc. v. State Farm Life & Cas. Co.*, 939 N.W.2d 69, 75–76 (Iowa 2020).

## III.    Analysis

Christian Pfeiffer argues that the district court erred in denying its rule 1.904(2) motion because the liquidated-damages provision of the contract was not new evidence, but was already part of the record. It insists the district court entered the $6,635,617.62 damage award without applying a valid contract provision.

Bridge Gap counters that Christian Pfeiffer did not preserve error because it raised "substantive damage arguments" for the first time in its rule 1.904(2) motion. It contends any evidence or argument not presented at the hearing on damages was "new" and was properly rejected by the district court. *See Roberts*, 954 N.W.2d at 762 ("The purpose of a rule 1.904(2) motion is to reconsider the evidence already submitted, not to give the parties an opportunity to submit additional evidence to support their positions.").

To settle their dispute, we look to the purpose of rule 1.904(2).[4] Our supreme court has described the rule as "a procedural mechanism that permits parties to request reconsideration of a ruling, and authorizes the court to change its ruling." *Meier v. Senecaut*, 641 N.W.2d 532, 538 (Iowa 2002). When the district court enters summary judgment on an entire case, as it did here, a rule 1.904(2) motion is an appropriate means to challenge that ruling. *Tenney v. A. Assocs.*, 594 N.W.2d 11, 14 (Iowa 1999).

But the rule is not designed to replace the requirement to preserve error. *See Winger Contracting Co. v. Cargill, Inc.*, 926 N.W.2d 526, 543 (Iowa 2019); *see also* Iowa R. Civ. P. 1.904 cmt. ("[T]he rule does not address whether a rule 1.904(2) motion preserves error for purposes of appeal as to evidence or arguments raised for the first time in that motion."). Drilling a bit deeper on the question of error preservation, we recognize that "it is unfair to allow a party to choose to remain silent in the trial court in the face of error, taking a chance on a favorable outcome, and subsequently assert error on appeal if the outcome in the trial court is unfavorable." *Bill Grunder's Sons Const., Inc. v. Ganzer*, 686 N.W.2d 193, 197 (Iowa 2004) (citation omitted); *see also Otterberg v. Farm Bureau Mut. Ins. Co.*, 696 N.W.2d 24, 28 (Iowa 2005).

Still, we must be precise about the error being asserted. The primary error alleged by Christian Pfeiffer is the district court's failure to entertain the liquidated-damages argument raised in its rule 1.904(2) motion. That issue was preserved

---

[4] The rule provides: "On motion joined with or filed within the time allowed for a motion for new trial, the findings and conclusions may be reconsidered, enlarged, or amended and the judgment or decree modified accordingly or a different judgment or decree substituted." Iowa R. Civ. P. 1.904(2).

by the district court's denial of the rule 1.904(2) motion. *See 33 Carpenters*, 939 N.W.2d at 75–76 (holding that an issue is preserved when it is raised in a motion and decided by the district court). It is a separate issue whether Christian Pfeiffer lost its chance to alert the court to the liquidated-damages provision by waiting to raise it in the 1.904(2) motion. From our reading of *Bill Grunder's*, that motion was Christian Pfeiffer's last chance to get it right at the district court.

As described in *Bill Grunder's*, the party moving for summary judgment bears the burden to show the district court that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. *See* 686 N.W.2d at 197 (discussing Iowa Rule of Civil Procedure 1.981(3)). It follows that the moving party must establish a right to recover on its claim, including the amount of damages. *See id.* "[W]hile our rules of summary judgment direct the nonmoving party to contest the entry of judgment and point out deficiencies in the claim, the failure to do so does not necessarily relieve the movant of its obligation." *Id.* Critical to the question here, "if the movant has failed to establish its claim and the court nevertheless enters judgment, the nonmovant must at least preserve error by filing a motion following entry of judgment, allowing the district court to consider the claim of deficiency." *Id.* at 197–98 (noting that to preserve error for appeal, Grunder was "obligated to alert the trial court by filing a motion following entry of judgment").

Unlike Grunder, Christian Pfeiffer *did* file a rule 1.904(2) motion following the court's ruling on damages. That motion alerted the court that the damages were miscalculated because the liquidated-damages provision of the contract limited Bridge Gap's right of recovery to fifteen percent of the contract price. It's

true that the hearing on damages would have been the more appropriate time for Christian Pfeiffer to argue that the contract provision limited Bridge Gap's recovery. But rule 1.904(2) gave the nonmovant the final opportunity it needed to bring this discrepancy to the court's attention.

Having decided that Christian Pfeiffer preserved error for appeal by filing a rule 1.904(2) motion, we turn to whether the district court wrongly denied that motion by characterizing the liquidated-damages provision as "additional evidence." As Bridge Gap points out, motions to reconsider under rule 1.904(2) allow courts to enlarge or modify findings "based on evidence already in the record. They are not vehicles for parties to retry issues based on new facts." *In re Marriage of Bolick*, 539 N.W.2d 357, 361 (Iowa 1995). But the contract provision was not new evidence, according to Christian Pfeiffer, because it was already in the record. Granted, the purchase order was not submitted by either party at the hearing on damages. Rather, the document was before the court as an attachment to Bridge Gap's original petition and as an exhibit supporting its summary judgment motion.

We agree the liquidated-damages provision was not new evidence. Indeed, a contract cannot be new evidence if it underlies the dispute. Here, the district court relied on the performance guarantees when entering judgment in Bridge Gap's favor. The contract was central to Bridge Gap's right to recover damages. And that same contract contained the liquidated-damages provision that the court did *not* consider when awarding damages. Thus the court was mistaken in considering the provision to be "additional evidence" to support Christian Pfeiffer's position. *Contrast Roberts*, 954 N.W.2d at 762.

Under the summary judgment principles discussed in *Bill Grunder's* and *Otterberg*, Bridge Gap could not rest on the lack of objection from Christian Pfeiffer to reap the damages it requested under the contract. True, Bridge Gap submitted ten exhibits in support of its $6,635,617.62 award. But if, as Christian Pfieffer alleged in its motion, the liquidated-damages provision applies, Bridge Gap did not establish that it was entitled to that entire amount. And while Christian Pfeiffer's silence did not obligate the district court to make arguments on its behalf, "a party faced with a motion for summary judgment can rely upon the district court to correctly apply the law and deny summary judgment when the moving party fails to establish it is entitled to judgment as a matter of law." *See Otterberg*, 696 N.W.2d at 27–28. We conclude that the district court erred in rejecting out of hand Christian Pfieffer's argument in its rule 1.904(2) motion that the liquidated-damages provision would limit Bridge Gap's recovery. The court should have considered the entire performance guarantee contract when awarding damages as part of its summary judgment order. It should do so on remand.[5]

## IV.  Conclusion

At the end of a stretch of lackadaisical lawyering, counsel for Christian Pfeiffer moved to reconsider the damage award. That motion came in time to alert the court to the liquidated-damages provision already before it. The district court

---

[5] As a court of review, without a ruling from the district court, we cannot decide whether or how the liquidated-damages provision affects the damage award. In its brief, Bridge Gap argues that the provision, if it applies at all, would not limit recovery for its claims of negligent misrepresentation or fraud. At oral argument, Bridge Gap contended that the provision would not apply at all because of certain terms and conditions agreed to by the parties. Christian Pfeiffer disagrees, and argues that the provision would apply to all claims. We leave it to the district court to settle that disagreement.

erred when it denied Christian Pfeiffer's rule 1.904(2) motion, reasoning the contract was "additional evidence." We remand this matter to the district court for further proceedings to determine the applicability of the liquidated-damages provision. We take no position on its application and do not retain jurisdiction of the case.

**REVERSED AND REMANDED.**